EZEKIEL B. MOORE *et al.*

*v.*

JOHN FESSENBECK *et al.*

1. TAXES—*school tax, levy after day named in statute.* The failure to certify a school tax by the directors, by the day named in the statute, does not invalidate the tax. If certified after such day, it is a mere irregularity, which is cured by section 191 of the Revenue law.

2. CHANCERY JURISDICTION—*squandering of school funds.* If school directors squander the funds of their district, or appropriate them to unauthorized purposes, there is a complete remedy at law against them, and hence a court of equity has no jurisdiction to interfere.

APPEAL from the Circuit Court of Clark county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. WHITEHEAD & JONES, for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by appellants, tax payers in a certain school district in Clark county, to enjoin the collection of a school tax, levied on the 8th day of September, 1873, on the ground that the return of the amount required by the district was not certified and returned by them within the time required by the statute. This objection is fully answered by the decision of this court in *Buck* v *The People,* 78 Ill. 560, where it was decided that a failure of the school directors to make return of amount to be levied within the time required, did not invalidate the tax; that a failure to comply with the statute in this regard was a mere irregularity, cured by sec. 191, Revenue act, Rev. Stat. 1874.

The bill also contains allegations of improper and unlawful conduct on the part of the directors of the school district, in the erection of a school house at a greater cost than authorized by a vote of the people of the district, and in the mismanagement of the funds of the district in other respects, and prays for relief in this regard.

We are aware of no authority which would authorize a court of equity to interfere with the management of the financial affairs of school districts, which are attempted to be brought in question by the bill. If the directors have squandered the funds of the district, or appropriated them to purposes not authorized by law, and in consequence thereof these tax-payers have been injured, they have a remedy at law. Sec. 77, chap. 122, Rev. Stat. 1874, p. 973, provides, "County superintendents, trustees of schools, directors and township treasurers, or either of them, and any other officer having charge of school funds or property, shall be responsible for all losses sustained by any county, township or school fund, by reason of any failure on his or their part to perform the duties required of him or them by this act, or by any rule or regulation authorized to be made by this act; and each and every one of the officers aforesaid shall be liable for any such loss sustained as afore-

said, and the amount thereof may be recovered in a civil action before any court having jurisdiction thereof, at the suit of the State of Illinois, for the use of the county, township or fund injured." If it be true that the school officers of the district have squandered the school funds, or appropriated the same to a purpose not authorized by law, in consequence of which a loss has occurred, no reason now suggests itself to us why proper relief may not be had under the section of the statute, *supra.* But whether a remedy may be had under that statute or not, we are satisfied a court of equity has no jurisdiction over the matters set up in the bill, and as the decree dismissing the bill was right, it will be affirmed.

*Decree affirmed.*