112 11
130 412
31a 388

112 11
39a 255

112 11
144 346

112 11
78a 406

112 11
177 198

## The Board of Education of Galesburg et al.

### v.

### Seymour Arnold.

*Filed at Ottawa November 17, 1884.*

1. Board of education of Galesburg—*power to employ teacher not having certificate of qualification—who may determine qualifications of teachers.* The provisions of sections 50 and 52 of the School law, which require every teacher in any of the common schools, at the time of his employment, to have a certificate of qualification to teach, and forbids his being paid anything out of the school fund or other public fund unless he has first obtained such certificate, applies to the board of education of the Galesburg school district, and teachers employed to teach in such district.

2. There is nothing in the special act of February 19, 1859, establishing a system of graded schools in the city of Galesburg, which gives the board of education power to examine and determine the qualifications of teachers. This power is not given by implication from the power of exclusive management and control, and the power to appoint teachers. The power to employ teachers is to be limited to qualified teachers.

3. Section 80 of the general School law, which provides that in all school districts having a population of not less than two thousand the board of education may examine and employ teachers, has no application to a school district created by a special act of the legislature.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Knox county; the Hon. Arthur A. Smith, Judge, presiding.

Messrs. Willoughby & Dougherty, for the appellants.

Mr. F. S. Murphy, for the appellee.

Messrs. McKenzie & Calkins, *pro bono publico.*

Mr. Justice Sheldon delivered the opinion of the Court:

This was a suit in chancery, heard on demurrer to a bill filed by Seymour Arnold, a tax-payer and resident, against the board of education of Galesburg school district, and the treasurer of the city of Galesburg, to enjoin the board from ordering the payment to George H. Bridge, a teacher in the public schools of said district, of any money for services rendered by Bridge, as such teacher, since the 1st of September, 1883, and the treasurer from paying Bridge out of any funds belonging to the district, for such service. A temporary injunction having been issued on the filing of the bill, on final hearing the injunction was made perpetual. The defendants took this appeal.

The single ground on which this relief was sought in the bill, is, that although Bridge was regularly employed as a teacher in the public schools of Galesburg school district, he had obtained no certificate of qualification from the county superintendent of schools, and that therefore the board of education had no right to employ him as such teacher.

Section 50 of the School law (Rev. Stat. 1874, page 963,) provides that "no teacher shall be authorized to teach a common school, under the provisions of this act, who is not of good moral character, and who does not possess a certificate as required by this section. It shall be the duty of the county superintendent to grant certificates to such persons

as may, upon due examination, be found qualified,"—and prescribes the form of the certificate. Section 52 provides that "no teacher shall be entitled to any portion of the common school or township fund, or other public fund, or be employed to teach any school under the control of any board of directors of any school district in this State, who shall not, at the time of his employment, have a certificate of qualification, obtained under the provisions of this act."

It is urged that this general School law has no application to the Galesburg school district, as it exists under a special act. The act entitled "An act for the establishment of a system of graded schools in the city of Galesburg," approved February 18, 1859, by its first section enacts that all the territory within the limits of the city of Galesburg "is hereby erected into a common school district, to be known as 'Galesburg School District.'" Section 4 provides that "the public schools of said district shall be under the exclusive management and control of a board of education, to consist of the mayor of said city, (who shall be the president of the board,) and one director from each ward of the city, to be known as 'the Board of Education of Galesburg School District.'" The fifth section, among other powers, gives the board power "to establish, conduct and maintain a system of public graded schools, to be kept in one or more buildings in said district, * * * to determine the number, make the appointment, and fix the amount of compensation of teachers within said district, and of all other agents and servants." There is certainly throughout this special statute no power directly given to examine or determine the qualifications of teachers. It is claimed to be given by implication, from the power of exclusive management and control, and the power to appoint teachers. This court, in *Speight* v. *The People*, 87 Ill. 601, in passing upon the import of the word "management," used in the constitution in the expression, "management of common schools," held "that it relates to the conduct of the school in

imparting instruction." The power to employ teachers may have sufficient scope for its exercise when limited to qualified teachers,—such as are teachers under the law. We do not think the power of exclusive management and control, nor that of appointing teachers, necessarily gives the right to examine and pass upon the qualifications of teachers, and that they may well consist with the power being in the county superintendent, alone, to examine teachers, and certify as to their qualifications.

Stress is laid upon the particular words, "under the provisions of this act," used in the language of section 50, that "no teacher shall be authorized to teach a common school, under the provisions of this act, * * * who does not possess a certificate as required by this section," as showing that it is only to common schools established under that general law, to which the requirement applies, and that it does not apply to common schools existing under a special law. But this section is to be construed in connection with section 52, which is general and unlimited, that "no teacher shall be entitled to any portion of the common school or township fund, or other public fund, or be employed to teach any school under the control of any board of directors of any school district in this State," who shall not, at the time of his employment, have a certificate of qualification. The teacher in the Galesburg school district is paid, at least in part, from the common school fund. He must then, in order to be so paid, or from other public fund, be subject to an examination by the county superintendent, and to the provision, in this respect, of the general School law. But here, again, there is reliance upon particular words, in the further provision in this last section, "or be employed to teach any school under the control of *any board of directors* of any school district in this State." It is said "board of directors" means only school directors under the general law, and can not be made to apply to this board of education under this special

act. Under the general law, school directors are nowhere termed a board of directors, but their corporate name is by the act made to be "School directors of district No." etc. This board of education the act makes to consist of the mayor and one director from each ward, to be known as the "Board of Education of Galesburg School District." · All the persons composing the board, except the mayor, are called by the act "directors;" and we think the designation, "any board of directors" of any school district, may well be held to include this board of education of Galesburg school district, even if it does not apply to it with as much appropriateness as to "School directors of district No." etc.

We do not find, then, as insisted by appellants' counsel, that this requirement of the qualification of teachers is, by the terms of the general School law, confined to the schools existing under that law. Section 80 of the general law provides, in all school districts having a population of not less than two thousand, for the election of a board of education, and to such board, among other powers, is given the power "to examine and employ teachers." But in this special act we are considering, there is no such power to examine teachers, given to the board. The special act makes the Galesburg school district which it erects, a common school district. The public schools taught in it are common schools, and we perceive no reason why the general law of the State for the securing of competent teachers for the common schools, and providing for the examination of such teachers, and their being found qualified by the county superintendent of schools, should not apply to the common schools of Galesburg as well as to the other common schools of the State. We find nothing in the special act to interfere therewith.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*