## HUBERT KUENSTER
### v.
## THE BOARD OF EDUCATION.

*Schools—Employment of Teachers—Want of Certificate—Injunction— Recovery of Wages—Districts of More Than 2,000 Inhabitants.*

Upon a bill brought to restrain a township treasurer from paying, the board of education from issuing an order for the payment of, and the receipt of payment by a teacher not holding a certificate of qualification from the county superintendent of schools, the board in question being that of a district containing more than 2,000 inhabitants, this court holds that under Sec. 80 of the general school laws, it was authorized to examine and employ teachers not possessing such certificates.

[Opinion filed June 15, 1889.]

APPEAL from the Circuit Court of Monroe County; the Hon. B. H. CANBY, Judge, presiding.

Messrs. MORRISON & WINKELMAN, for appellant.

Messrs. SLATE & RICKERT, for appellees.

Kuenster v. Board of Education.

GREEN, P. J.  Appellant filed his bill for injunction to restrain said board of education from drawing any order on the township treasurer for the payment of Wixford as teacher, and to restrain said treasurer from paying and said Wixford from receiving any money for the payment of his services as teacher.  On hearing, the temporary injunction ordered was dissolved (except as to the payment for five days' services), and appellant brings the record before this court and asks to have the decree reversed.

The members of the board of education were duly elected and qualified to act as such, in and for said district containing more than two thousand inhabitants, and acting in their official capacity appointed two of the members thereof a committee to examine and make contracts with teachers, and said committee afterward, at a regular meeting of said board, made and presented their report, setting forth that they had examined the teachers named therein, among others said Wixford, all of whom they found well qualified to fill their respective positions as teachers of said schools, and they had then made a written contract with said teachers, including Wixford, employing him as teacher for the school term ending June, 1888.  On motion, this report of the committee and said contract were adopted by the vote of a majority of the members of the board at the same regular meeting. Notwithstanding this employment of Wixford as such teacher by the board of education, it is insisted he has no lawful right to receive pay as such, because he had not a certificate of qualification from the county superintendent as required by Sec. 50 of the general school law, and without such certificate, under Sec. 52, is not entitled to any portion of the common school or township fund, or other public fund, or to teach any school under the control of any board of directors of any school district in this State, and hence the injunction prayed for should have been made perpetual.  We do not entertain this view, but regard Sec. 80 of the same statute as a separate and independent act, so far as the matter in dispute here is concerned, intended to apply in districts containing not less than two thousand inhabitants, and in such districts

to provide for the management and control of schools by a board of education, with power to examine persons who desire to be employed as teachers, and thus determine who are qualified, and to employ as teachers those they so determine to be qualified; hence these districts are not within the control or operation of the provisions of Secs. 50 and 52. That such is the purpose and effect of Sec. 80 seems evident from the fact that additional duties are thereby imposed and enlarged powers given to the board of education, differing essentially from the duties and powers of directors of other school districts.

Among the duties and powers enumerated in Sec. 80 are these, in the sixth clause: "To examine and employ teachers and fix the amount of their salaries." The examination herein provided for is as to the qualification of the applicant in respect of ability, competency and character, to take charge of and teach a school in the district, and the board of education and not the county superintendent are to examine and thereby judge and determine whether or not the applicant is qualified. Such is our construction of Sec. 80, and in this we are fortified by the expressions used in the opinion in The Board of Education v. Arnold, 112 Ill. 11. In that case it appeared the schools of the city of Galesburg were operated under a special act providing for the management and control thereof and the employment of teachers by a board of education, but giving said board no power to examine teachers. In the opinion it is said: "The power of exclusive management and control given to the board by this special act, does not dispense with the necessity for the certificate of the county superintendent, and there is certainly throughout the special act no power directly given to examine or determine the qualifications of teachers;" and in the opinion it is further said, speaking of said Sec. 80, "It provides, in all districts having a population not less than two thousand, for the election of a board of education, and to such board, among other powers, is given the power "to examine and employ teachers;" but in the special act we are considering there is no such power to examine teachers given to the board. The dis-

tinction thus made between the special act spoken of and Sec. 80, and the efficacy of that section to supply the power omitted in the special act, so shown and explained in the opinion, justifies the inference that our Supreme Court would hold with us, that the appellee, board of education, had the power to examine and *to determine* the question of Wixford's qualifications as a teacher, and such examination having been made by its committee duly appointed for that purpose, and the adoption by the board of the report of said committee certifying that Wixford was well qualified to fill the position of a teacher, and a contract had been made with him to teach for a definite term, rendered the certificate of the county superintendent of Monroe county unnecessary, and without it Wixford has the right to teach the school where he was so employed and to receive pay for his services.

In our opinion the order and decree of the Circuit Court was right and is affirmed.

*Decree affirmed.*