## Peter F. Wahl v. The School Directors.

1. SCHOOL DIRECTORS—*Misappropriation of Funds—Remedy at Law.* —If school directors appropriate school funds under their control to a purpose not authorized by law, in consequence of which a loss occurs to the district, this is no reason why adequate relief may not be had under section 11 article 15, chapter 122, R. S., entitled " Schools."

2. Same—*Equity Jurisdiction.*—Courts of equity possess no authority to interfere with the financial affairs of school districts. If the directors have squandered the funds of the district, or appropriated them to purposes not authorized by law, and in consequence thereof, tax payers have been injured, they have a remedy at law.

**Bill for Injunction.**—Trial in the Circuit Court of Hancock County; the Hon. John A. Gray, Judge, presiding. Judgment for defendant on demurrer to bill. Appeal by complainants. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

Miller & Williams, attorneys for appellant.

O'Harra & Scofield, W. H. Hartzell and D. Mack & Son, attorneys for appellees.

Mr. Justice Harker delivered the opinion of the court.

This was a bill filed by appellant, a tax payer and a resident of a school district in Hancock county, to enjoin the school directors from issuing any order to the school treasurer in payment for wages to either Frank B. Carey or Augusta Dachroth, teachers of a school in the district, to enjoin the school treasurer from paying any such order out of the school fund of the district, and to enjoin the trustees of the schools of the township in which the district is located from auditing any payments, if made, upon orders to Henry C. Dochroth for labor and material furnished while he was director.

The bill charges that the contract under which Carey taught was void for the reason that it was not made at a regular or special meeting of the board of directors; that a certain order which was issued to Carey as salary for the month of October, 1895, and which had been sold and delivered to the State Bank of Nauvoo, was void for that reason; that a certain order which was issued to Augusta Dachroth for teaching during the month of April, 1894, and which had been sold and delivered to the same bank, was void for the reasons that it was issued irregularly by the directors, and nothing was due Miss Dachroth out of the school funds because she had not observed the law with

reference to keeping a register of attendance of pupils and making a schedule; that Henry C. Dachroth, while acting as director, presented bills for labor and material furnished in and about the school building, which were allowed and orders issued and paid therefor, and that they were void for the reason that the law inhibits a school director from furnishing labor and material for the district and charging the district therewith.

A demurrer to the bill was filed, which the Circuit Court sustained for want of equity, and judgment was rendered against appellant for costs.

Section eleven, article fifteen, chapter one hundred and twenty-two Revised Statutes, reads as follows:

" County superintendents, trustees of schools, directors and township treasurers, or either of them, or any officer having charge of school funds or property, shall be pecuniarily responsible for all losses sustained by any county, township or school fund, by reason of any failure on his or their part to perform the duties required of him or them by the provisions of this act; or by any rule or regulation authorized to be made by the provisions of this act; and· each and every one of the officers aforesaid shall be liable for any such loss sustained as aforesaid, and the amount of such loss may be recovered in a civil action brought in any court having jurisdiction thereof, at the suit of the State of Illinois, for the use of the county, township or fund injured; the amount of the judgment obtained in such suit shall, when collected, be paid to the proper officer for the benefit of the said county, township, or fund injured."

If school directors appropriate school funds under their control to a purpose not authorized by law, in consequence of which a loss occurs to the district, we see no reason why adequate relief may not be had under this section of the statute. Such was the view expressed by our Supreme Court in the case of Moore et al. v. Fessenbeck et al., 88 Ill. 422. That was a bill in equity by resident tax payers of a school district in Clark county, praying for relief against the improper and unlawful conduct of the directors

in erecting a school house at a greater cost than that author-
ized by a vote of the people of the district, and in the mis-
management of the funds of the district in other respects.
Mr. Justice Craig, delivering the opinion of the court, uses
the following language:

"We are aware of no authority which would authorize a
court of equity to interfere with the financial affairs of
school districts which are attempted to be brought in ques-
tion by this bill. If the directors have squandered the funds
of the district, or appropriated them to purposes not author-
ized by law, and in consequence thereof these tax payers
have been injured, they have a remedy at law." After
which he quotes the entire section and says the court below
properly dismissed the bill for want of equity as to the
matters set up in it.

We are referred to the case of The Board of Education et
al. v. Arnold, 112 Ill. 11, as sustaining the position of appel-
lant that a court of equity has jurisdiction in a case of this
kind and should by injunction restrain the directors from
squandering and misappropriating the funds of the district.
That was a bill to enjoin the board of education from pay-
ing the salary of a teacher in the district who did not have
a certificate of qualification from the county superintendent
of schools. The only question involved in the controversy,
and the only one considered by the court, was whether the
board of education of Galesburg had the authority to pass
upon the qualifications of its teachers. It was insisted that
the general law requiring teachers of public schools to have
certificates of qualification, did not apply to teachers in that
city, because the schools there were conducted under a special
act passed in 1859. The Circuit Court took a contrary view
and perpetually enjoined the payment of the teacher's
salary. The Supreme Court affirmed the decree. No
objection, however, was made to the jurisdiction of the
court to entertain the bill, and it does not appear that the
attention of the court was in any manner called to the sec-
tion of the statute above quoted. We can not regard it as
overruling the case of Moore et al. v. Fessenbeck et al.,

*supra*, or as announcing a different holding from that expressed in that case.

There is no averment in the bill before us of the insolvency of the directors, or of anything that would render a suit under the section unavailing. We, think the court properly sustained a demurrer to the bill and therefore affirm the judgment.