ALFRED COVINGTON

*v.*

THE CITY OF EAST ST. LOUIS.

1. CONSTITUTIONAL LAW—*special legislation*. The clause of section 22, article 3, of the constitution, which prohibits the General Assembly from passing local or special laws incorporating cities, towns or villages, or changing or amending the charter of any city, town or village, is appli-

cable to and restrictive of the General Assembly, in the enactment of charters or amendments to charters for cities and villages. It has no reference to past legislation, but simply prescribes the limit of future legislation in this respect.

2. SAME—*city ordinances.* The General Assembly has the power to delegate legislative authority incident to municipal governments to cities, but this can only be done by general law, under the constitution of 1870. When, however, it is done by such law, the constitutional mandate is fully complied with, and the ordinances to be adopted by different municipalities, under the power so conferred, may be as variant in their terms as the varying municipal necessities or sense of public policy, in those who exercise the legislative authority, may require.

3. All ordinances are necessarily local in their application, that is, they apply only to the municipality by which they are made, and can have no effect beyond it; and to hold that they are void because they are not of general and uniform operation throughout the State, would be to hold that it is impossible to invest municipal corporations with authority to make ordinances.

4. The charter of a city existing at the time of the adoption of the present constitution, provided that any tract of land adjoining such city, laid off into city or town lots, a plat of which being duly recorded, etc., should be and form a part of said city, provided the city council should so declare. In 1875, the city council declared a tract of land, which came within the requirements of the charter, a part of said city: *Held*, that the action of the city council was lawful, and that such territory thereby became a part of the city.

5. STATUTES—*a general statute, not inconsistent with a former one, does not repeal the former.* A general statute, without negative words, will not repeal the particular provisions of a former one, unless the two acts are irreconcilably inconsistent.

6. SAME—*special not repealed by general.* A general law does not operate as a repeal of a special law on the same subject, although passed at the same session.

APPEAL from the City Court of East St. Louis; the Hon. DANIEL McGOWAN, Judge, presiding.

Mr. LUKE H. HITE, for the appellant.

Messrs. BOWMAN & HALBERT, for the appellee.

550     COVINGTON *v.* CITY OF EAST ST. LOUIS.     [Sept. T.

Opinion of the Court.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

By the 3d section of article 1 of the "act to reduce the charter of East St. Louis, and the several acts in force amendatory thereof, into one act, and to revise the same," approved March 26, 1869, (Private Laws of 1869, Vol. 1, p. 886,) it is enacted that, "any tract of land adjoining the city of East St. Louis, laid off into city or town lots, a plat of which being duly recorded in the recorder's office of St. Clair county, shall be and form a part of the city of East St. Louis: *Provided*, the city council shall, by ordinance, so declare." The tract of land on which is "Illinois City," adjoining the city of East St. Louis, was laid off into town or city lots as early as 1825, and a plat thereof was duly recorded in the office of the recorder of St. Clair county. The city council of the city of East St. Louis, on the 5th day of May, 1875, by ordinance, declared this tract of land should be and form a part of the city of East St. Louis.

Appellant, a resident of, and doing business within, the territory thus declared to be annexed, seeks to enjoin appellee, its officers, etc., from proceeding under this ordinance, and the only question presented for our determination is, does "Illinois City" now form a part of the city of East St. Louis?

Two objections are made, either one of which, it is argued, is conclusive against the authority of the city council to thus extend the city limits: 1st. Section 3 of article 1 of the city charter was abrogated by the adoption of the constitution of 1870. 2d. That section is repugnant to, and therefore repealed by, "An act to provide for annexing and excluding territory to and from cities, towns and villages, and to unite cities, towns and villages," in force July 1, 1872. (R. L. 1874, p. 244.)

We are of opinion that neither of these objections is tenable.

To hold that the constitution of 1870, by the mere fact of

its adoption, operated as a repeal of all special · charters of cities, towns and villages, would be to declare that all municipalities thus incorporated have, from that time, been without the protection of any local law. This would most disastrously affect a very large portion of the public. Such a decision could only be warranted by the clearest evidence that this was the design, and the necessary construction of the language of the constitution.

It is not pretended there is any provision in the constitution which expressly repeals the special charters of cities, towns and villages, but it is insisted that such is the general policy manifested by that instrument.

We have held, in the cases referred to by the counsel for appellant, that certain provisions of the constitution became operative, without the aid of subsequent legislation, but these provisions have not the slightest reference to the question presented here. They stand by themselves, are construed independently of other provisions in that instrument on different subjects, and, although some of them affect municipal corporations, they do not do so in respect to their boundaries or their police regulations.

The clause of section 22, article 3, referred to, which prohibits the General Assembly from passing local or special laws incorporating cities, towns or villages, or changing or amending the charter of any city, town or village, is purely applicable to and restrictive of the General Assembly in the enactment of charters or amendments to charters for cities, towns and villages. It has no reference to past legislation, but simply prescribes the limits of future legislation in those respects.

· But, it is argued, the prohibition of this clause of the constitution extends to legislative acts by the common council, or other legislative authority of cities, towns and villages, as well as to those of the General Assembly—that a legislative act can not be valid if adopted by such authority, which would be void if it were the act of the General Assembly. This is

more plausible than sound. The General Assembly, since the organization of our State government, has possessed power to delegate legislative authority incident to municipal government, to cities, towns and villages; but, since the adoption of the present constitution, this can only be done by general law, uniform in its operation. When, however; it is done by such law, the constitutional mandate is fully complied with, and the ordinances to be adopted by different municipalities, under the power so conferred, may be as variant in their terms as the varying municipal necessities or sense of public policy, in those who exercise legislative authority, may require.

All ordinances are necessarily local in their application—that is, they apply only to the municipality by which they are made, and can have no effect beyond it; so, the construction contended for, if true, would lead to the absurdity that it is impossible, under the present constitution, to invest municipal corporations with authority to make ordinances, because they can not be made of general and uniform operation throughout the State.

The power to make this ordinance was a part of the legislative authority with which the common council of the city of East St. Louis was invested when the present constitution was adopted, and its exercise is no more objectionable now than would be the exercise of any other municipal legislative power by the common council, conferred by that charter. See *Chicago City Railway Co.* v. *The People*, Sept. T. 1874.

The act in force July 1st, 1872, to "provide for annexing and excluding territory to and from cities, towns and villages, and to unite cities, towns and villages," does not profess to repeal any part of the special charters of cities, towns and villages, or to be an amendment thereto; nor does it contain negative words prohibiting its objects to be accomplished in any other mode, but it is a general law, authorizing such as choose to avail of its provisions, to do so. The rule is, that a general statute, without negative words, will not repeal the particular

provisions of a former one, unless the two acts are irreconcilably inconsistent. Sedgwick on the Construction of Statutory and Const. Law, 2d Ed. 97–8. And a general law does not operate as a repeal of a special law on the same subject, although passed at the same session. *Town of Ottawa* v. *County of La Salle*, 12 Ill. 340, and authorities there cited.

There is no necessary repugnancy, that we can discover, between this statute and the charter of East St. Louis.

We held, in *The City of Galesburg* v. *Hawkinson*, 75 Ill. 152, sections 3 to 8 of that statute, inclusive, were in contravention of the constitution, and void, in that they assumed to invest the judiciary with powers purely legislative in their character; and whether the other sections may be regarded as affording an additional or cumulative remedy whereby to accomplish the purposes to which they relate, to that provided by special municipal charters, or whether they are also obnoxious to constitutional objection, upon other grounds, it is unnecessary to now decide.

*Decree affirmed.*