## The People ex rel. Board of Education

### v.

## Mayor and City Council of Bloomington.

*Filed at Springfield October 31, 1889.*

1. School taxation—*boards of education, under special charters—general law of 1872.* The general School law of 1872 did not repeal the special charters of boards of education existing before its passage.

2. Section 43 of the School law of 1872, giving the directors of schools power to levy a tax, not to exceed two per cent for educational and three per cent for building purposes, has no application to boards of education organized under special charters.

3. Same—*effect of amendatory act of 1879.* Section 43 of the School law, as amended by the act of 1879, providing that school directors and the authorities of villages or cities shall be authorized to levy a tax, annually, not to exceed two per cent for educational and three per cent for building purposes, upon the last assessment for State and county taxes, does not authorize boards of education acting under special charters, to require city or village authorities to levy such a rate of taxes in excess of that allowed by their charters. That section has no reference to proceedings to raise money by a corporate body acting under a special charter. Authority to city or village boards to levy such a rate of taxes does not enlarge the powers of the special boards of education, but vests the city or village authorities with a discretionary power, to be exercised upon their own judgment.

4. If boards of education, organized under special charters, desire to avail themselves of the increased powers of taxation conferred by the general School law, they must organize under the general law, as provided in section 80 of that act.

This is a petition for a writ of *mandamus,* filed in this court by the Board of Education of the city of Bloomington, against the mayor and city council of the same city, for the purpose stated in the opinion of the court.

Mr. Isaac N. Phillips, for the petitioners.

Mr. A. E. DeMange, for the defendants.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is a petition for *mandamus*, brought in the name of the People, on the relation of the Board of Education of the city of Bloomington, to compel the city council of the city of Bloomington to levy an additional tax of $15,448.53, to defray the expenses of the public schools within the city for the year ending April 1, 1890.

There is no controversy between the parties in relation to the facts. The amount required by the board of education, and by the board presented to the city council for its action, embraced the following items:

| | |
|---|--:|
| Printing - - - - - - - - - | $300 |
| Water tax - - - - - - - - | 282 |
| Telephone rent - - - - - - - | 261 |
| Fuel - - - - - - - - - | 2,000 |
| Janitors' salaries - - - - - - - | 3,450 |
| Salary of superintendent and secretary - - - | 1,800 |
| Estimated interest on temporary loans - - - | 1,000 |
| Heating apparatus - - - - - - | 1,500 |
| Repairs - - - - - - - - - | 1,500 |
| Supplies - - - - - - - - | 500 |
| School buildings - - - - - - - | 250 |
| Miscellaneous expenses - - - - - | 400 |
| Furniture - - - - - - - - | 200 |
| Teachers' salaries - - - - - - | 37,000 |
| Total - - - - - - - | $50,443 |

The amount of the taxable property within the city of Bloomington, as ascertained upon the last assessment, upon which the per cent was to be computed to raise money for school purposes, was $3,499,447. The city council, in its ordinance making a levy of taxes for school purposes, made a levy of one per cent on the assessment, which would raise the sum of $34,994.47, only, and, as before observed, this proceeding was instituted to compel a levy of an additional amount sufficient to make up the $50,443 first demanded by the board.

The Board of Education of the city of Bloomington is a corporation created by the laws of this State, and it possesses such power, and such only, as has been conferred upon it by the legislature of the State. The board derived its existence from the following acts of the legislature : "An act to establish and regulate a system of public schools in the city of Bloomington," approved February 16, 1857. (Public Laws of 1857, p. 226.) "An act to provide amendments to the Bloomington school law," approved February 16, 1865. (2 Private Laws of 1865, p. 271.) "An act to amend an act entitled 'An act to establish and regulate a system of public schools in the city of Bloomington,' approved February 16, 1857," approved February 22, 1867. (3 Private Laws of 1867, p. 26.) "An act to amend an act entitled 'An act to establish and regulate a system of public schools in the city of Bloomington,' approved February 16, 1857, and amendments thereto," approved March 31, 1869. (3 Private Laws of 1869, p. 407.) And it is insisted by the defendant, that it has no powers except such as are conferred by these acts, while on the other hand it is claimed that the powers of the board as to the amount of money it may demand have been enlarged by an amendment to the general act in relation to schools, enacted in 1879.

Section 8 of the act of 1857, as amended in 1865, limits the amount the board may demand to one per cent on the assessment. That section is as follows :

"It shall be the duty of said board, on or before the first Monday in April in every year, to make a report in writing to the city council of all moneys received, how and for what purpose expended, with the proper vouchers, and give such information in relation to said schools as they may deem important, specifying in said annual report the amount of money necessary to be raised by taxation to defray the expenses of said school system. And the city council shall, annually, upon the coming in of such report, and within thirty days thereafter, proceed to levy a tax sufficient to meet such expenses, to be

levied and collected as the other taxes of said city : *Provided,* said taxes shall not exceed ten mills on the dollar," etc.

It is plain, that unless the power to demand a greater levy than one per cent has been conferred by some subsequent legislation, the city of Bloomington, in making a levy of one per cent, did all it could be required to do. No special act of the legislature is relied upon, but reliance is placed upon general laws bearing upon the question, passed since the adoption of the constitution of 1870.

On the first day of April, 1872, the legislature passed an act entitled "An act to establish and maintain a system of free schools." This was a general law, containing ninety-eight sections. All acts inconsistent with it, and all general laws previously enacted, were repealed. Of course, this act did not repeal the charters under which boards of education like the relators in this case were acting. Section 43 of this general act provided, that "for the purpose of establishing and supporting free schools for not less than five nor more than nine months in each year, and defraying all the expenses of the same of every description, for the purpose of repairing and improving school houses, of procuring furniture, fuel, etc., and for all other necessary incidental expenses, the directors of each district shall be authorized to levy a tax, annually, upon all the taxable property of the district, not to exceed two per cent for educational and three per cent for building purposes." Of course a bare reading of this section as enacted is enough to convince any person that no additional power was conferred on boards of education, or a city council, in reference to raising money. Indeed, it has no reference whatever to those corporations. The section confers powers upon the directors of each district,—a body well-known, and one, too, which can not be confounded with a city council or a board of education. But in June, 1879, the legislature passed an act, approved June 3, 1879, (Laws of 1879, p. 290,) to amend sections 7, 14, 17, 20, 22, 30, 32, 35, 36, 42, 43, 44, 45, 47, 48, 51, 52,

53, 54 and 79, of the act of 1872.    Section 43, as amended, reads as follows:

"For the purpose of establishing and supporting free schools for not less than five nor more than nine months in each year, and defraying all the expenses of the same of every description, for the purpose of repairing and improving school houses, of procuring furniture, fuel, libraries and apparatus, and for all other necessary incidental expenses, in each district, village or city,—anything in any special charter to the contrary notwithstanding,—the directors of such district, and the authorities of such village or city, shall be authorized to levy a tax, annually, upon all the taxable property of the district, village or city, not to exceed two per cent for educational and three per cent for building purposes, to be ascertained by the last assessment for State and county taxes."

In the amendment of section 43 it will be observed that the legislature, after the word "district," as it appeared in the original section, incorporated the words, "and the authorities of such village or city."    Now, while there may be some uncertainty in regard to what was intended by the insertion of these words, one thing, however, is certain : that these words did not refer to a board of education, and did not enlarge its powers of taxation.    The board of education has never been understood to be the authorities of a village or city.    On the other hand, it has always been understood that when these words were used they referred to the mayor and city council, or president of the board and council.    In no event, therefore, did the amended section empower the board of education to demand of the city council an additional or any levy.    If the city council of Bloomington was, by the insertion in the section of the words referred to, authorized to levy two per cent, this did not authorize the board of education to demand a levy of that character.    If the city had the power, it was a discretionary one, to be used or not as their better judgment might

determine, and not at the whim or caprice of the board of education.

But upon an examination of section 79 of the same act, we think it is apparent that section 43 had no reference whatever to proceedings to raise money, where such proceedings were conducted by a corporate body acting under a special charter. That section declares : "This act shall not be so construed as to repeal or change, in any respect, any special acts in relation to schools in cities having less than one hundred thousand inhabitants, or incorporated towns, townships or districts, except that it shall be the duty of the several boards of education having in charge schools under the provisions of any of the said special acts, to report school statistics to the county superintendent," etc. Here the board of education is acting under and derives its powers from special acts of the legislature. Under the special acts, a levy of but one per cent is allowed. Section 79, in positive terms, declares that "this act" (the one containing section 43) "shall not be so construed as to repeal or change, in any respect, any special acts in relation to schools." If section 43 enlarges the power of taxation so that a levy of two per cent may be made where only one per cent is authorized under the special charter of the board, then the special acts are changed, which section 79 declares shall not be done.

We perceive no way in which the position of relators can be sustained, unless section 79 may be entirely disregarded. If the relators desired to obtain the supposed benefits arising to the public or to the board of education by being permitted to impose upon the property owners an increased taxation for school purposes, section 80 of the general act under consideration provides a mode under which the people of a city like Bloomington, where the free schools are managed under a special act, may abandon the organization under the special acts, and become organized under the general law for the government of free schools. But we perceive no way that the

relators can hold and enjoy the power conferred upon them by the special acts, and at the same time enjoy the rights and privileges of taxation conferred by the general school law upon those organized and acting under its provisions. If they desire the benefits conferred by the general law, they must abandon the powers conferred by the special acts.

Much has been said in the argument in regard to the constitutional duty of the legislature to provide a thorough and efficient system of free schools. That is all well enough; but the question involved in this case is one of power,—the right to impose taxation,—and it is quite as important to the citizen to know that his property shall not be taken and sold to pay a tax imposed without authority of law, as it is to know that we enjoy an efficient system of free schools. *Board of Education* v. *Arnold,* 112 Ill. 11, has been cited as an authority, but there is nothing decided in that case which has any bearing here.

The *mandamus* will be denied.       *Mandamus denied.*