HUBERT KUENSTER

*v.*

THE BOARD OF EDUCATION.

*Filed at Mt. Vernon April 22, 1890.*

1. SCHOOLS—*general School law of 1872—effect upon special acts.* The object in the passage of the School law of 1872 was to establish one general system under which all the schools in the State might be conducted, except where schools were conducted under special acts in cities having less than one hundred thousand inhabitants, or incorpo-

rated towns, townships or districts. Such special acts were not repealed or changed by the general law.

2. SAME—*certificate of qualification—whether necessary—in order to teacher's pay.* Section 52 of the School act, which prohibits the paying of any teacher not having a certificate to teach before his employment, out of any school moneys, has application only to those school districts which are acting under the general law. It does not apply to boards of education elected under section 80 of the act. Such boards are expressly authorized to examine teachers, and to fix the amount of their salaries.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Monroe county.

Messrs. WINKELMAN & MORRISON, for the appellant.

Mr. J. W. RICKERT, and Mr. E. P. SLATE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought by Hubert Kuenster, to enjoin the board of education of district No. 3, town 2, south, range 10, west, in Monroe county, from drawing an order on the township treasurer to pay J. F. Wexford, a teacher, for his services, and to restrain the treasurer from paying any money to Wexford, as teacher, for the board.

The district in which the board of education was duly elected contained more than two thousand inhabitants. Wexford had been examined by the board of education as to his qualification as a teacher, and found qualified. After such examination he was employed by the board to teach in the public schools, and he had discharged his duties to the entire satisfaction of the board. But it is insisted that Wexford can not lawfully receive pay for his services, because he had received no certificate of qualification from the county superintendent of schools, as required by section 50 of "An act to establish and maintain a system of free schools," and that in pursuance of section 52 of the same act, he was not entitled to draw any portion of the school fund in payment for his services.

In 1872 the legislature passed an act entitled "An act to establish and maintain a system of free schools," which was approved April 1, 1872, and went into force on the first day of July following.    The act contained ninety-eight sections. All acts inconsistent therewith, and all general school laws of the State, were, upon the passage of that act, repealed.    The object of the legislature in the passage of the act, as appears from its various provisions, was to establish one general system, under which all the schools in the State might be conducted, except where schools were conducted under special acts, in cities having less than one hundred thousand inhabitants, or incorporated towns, townships or districts.    Such special acts were not repealed or changed in any respect by the general law.    Under section 23 of the act, each congressional township is established a township for school purposes, the business of the township to be transacted by three trustees, to be elected by the legal voters of the township.    Under section 33 it is the duty of the trustees to lay off the township into school districts, to suit the wishes and convenience of a majority of the inhabitants of the township.    Three directors are required to be elected in each district, and under section 48 "the directors of each district are made a body politic and corporate, by the name of School Directors of District No. . . ., township No. . . ., county of . . . . . . . . ., and State of Illinois." In this section the duties and powers of the directors are also specified.    Section 50 provides that no teacher shall be authorized to teach a common school, under the provisions of the act, who does not possess certain specified qualifications, and it is made the duty of the county superintendent to grant certificates to such persons as may, upon due examination, be found to possess the necessary qualifications.    Section 52 provides: "No teacher shall be entitled to any portion of the common school or township fund, or other public fund, or be employed to teach any school under the control of any board of directors of any school district in the State, who shall not,

at the time of his employment, have a certificate of qualification, obtained under the provisions of this act." Then follow various sections relating to the keeping of schedules by teachers, township treasurer, township and county school funds, common school funds, compensation of officers, liability of officers, etc., until section 79 is reached. The different sections of the act preceding this section seem to establish a complete system for the government of all school districts. established in townships, except school districts having not less than two thousand inhabitants, and not governed by any special act, and except, also, schools in cities having less than one hundred thousand inhabitants, organized and conducted under special acts, and schools in incorporated towns, townships or districts organized and conducted under special acts, and except schools in cities having a population exceeding one hundred thousand; and sections 79 and 80 seem to have been enacted to make other and different provisions in the excepted cases above enumerated. Section 79 declared, that "this act shall not be so construed as to repeal or change, in any respect, any special acts in relation to schools in cities having less than one hundred thousand inhabitants, or incorporated towns, townships or districts." Section 80 provides : "Incorporated cities and villages, except such as now have charge and control of free schools by special acts, shall be and remain parts of the school townships in which they are respectively situated, and be subject to the general provisions of the School law, except as otherwise provided in this section. In all school districts having a population of not less than two thousand inhabitants, and not governed by any special act in relation to free schools now in force, there shall be elected, instead of the directors provided for by law in other districts, a board of education, to consist of six members. * * * Such board shall have power, and it shall be their duty, in addition to or inclusive of the powers and duties of school directors : First, to establish and support free schools not less than six nor more-

than ten months in each year; * * * sixth, to examine and employ teachers, and fix the amount of their salaries." The section contains other provisions, but as they relate to subjects not connected with the question involved, it will not be necessary to refer to them.

It is apparent that if the school in question was under the control of a board of school directors, then, under section 52, the teacher could not be paid from the common school fund unless he had been examined by and received a certificate from the county superintendent, as contended by appellant. But the plain answer to the position assumed is, that the school involved in this proceeding is not one falling under that section of the law, but, on the other hand, it is a school in a school district with a population of not less than two thousand, and not governed by any special act. As to a school of this character, under the terms of section 80 a board of education is elected to manage and control the school in lieu of a board of directors, and this board of education has been clothed with powers not conferred upon a board of school directors. Under the express terms of clause 6 of section 80, the board of education is clothed with the power to examine teachers. The language is, "to examine and employ teachers, and fix the amount of their salaries." The meaning of this clause is obvious. The examination required is as to moral character, and the qualification to teach the different branches required to be taught. This was the view of the statute entertained by the Appellate Court, and we think it correct.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*