HENRY TRAUSCH

*v.*

THE COUNTY OF COOK.

*Filed at Ottawa October 26, 1893.*

1. STATUTE—*whether general or special.* A law may be general, and yet be operative in a single place or places where the conditions necessary to its operation exist.

2. SAME—*repeal by implication.* Repeal by implication is not favored, and if two acts said to be inconsistent can be so construed that each may be enforced, such construction is to be adopted as will give effect to the legislative will as expressed in each act.

3. SAME—*repeal of a special act by a general one.* A subsequent statute which is general does not repeal or abrogate a former statute intended to operate upon particular subjects.

4. Section 2 of the amendatory act of incorporation of the North-western University, approved February 14, 1855, making it a penal offense to sell or give away intoxicating liquors within four miles of the location of such university except for certain purposes, is not repealed by the general statute approved May 4, 1887, prohibiting sales of such liquors outside of the limits of any incorporated city or village.

5. INTOXICATING LIQUORS—*statute of 1887 construed.* The act of May 4, 1887, creates no right and grants no permission to sell intoxicating liquors anywhere. Its purpose was, not to reach unlicensed saloons or dram-shops, but to punish all sales of intoxicating liquors, of any kind, outside of the corporate limits of cities and villages, in less quantities than five gallons, and in the original packages as put up by the manufacturer.

6. CRIMINAL LAW—*power of legislature to discriminate as to penalties.* Although no one can be twice put in jeopardy of life or limb for the same offense, it is competent for the legislature to make an act committed under certain circumstances an offense, and not a crime, or a different offense, when committed under other or different circumstances, and create different penalties for its commission.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Criminal Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

Mr. JOHN J. SWENIE, for the appellant.

Mr. HARVEY B. HURD, and Messrs. BEACH & BEACH, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This is an action of debt, brought by the county of Cook, against Henry Trausch, to recover the penalty prescribed by the second section of an act of the legislature of the State of Illinois, approved February 14, 1855, entitled "An act to amend an act entitled 'An act to incorporate the Northwest-ern University,' approved January 28, 1851," which is as follows: "No spirituous, vinous or fermented liquor shall be sold, under license or otherwise, within four miles of the location of said university, except for medicinal, mechanical or sacramental purposes, under the penalty of $25 for each offense, to be recovered before any justice of the peace of said county in an action of debt, in the name of the county of Cook: *Provided,* that so much of this act as relates to the sale of intoxicating drink within four miles may be repealed by the General Assembly whenever they think proper." The action was brought before a justice of the peace, the defendant duly summoned, and upon trial found guilty, and judgment entered that the county recover the penalty of $50 and costs. On appeal to the Criminal Court it was stipulated that the Northwestern University was located in Evanston; that on November 28, 1890, the village of West Ridge was incorporated, under the general law for the incorporation of cities and villages, out of territory theretofore not included within any city or village; that said village, by ordinance, (in evidence,) regulated the sale of intoxicating liquors within said village, by licensing the sale thereof; that license duly issued to defendant, Trausch, under such ordinance; that subsequent to the time of the granting of said license, and within one month previous to the commencement of this suit, the said defendant, Henry Trausch, did make to one Rosa two separate and distinct sales of spirituous liquor, to-wit, one

glass of whisky, which was then and there drunk upon the premises, and one bottle of whisky containing about one pint, and that said sales were not made for medicinal, mechanical or sacramental purposes, and that said sales were severally made within four miles of the said Northwestern University. Jury was waived and the cause tried by the court, resulting in finding the defendant guilty and assessing penalty, etc. On appeal to the Appellate Court this judgment was affirmed, and defendant below prosecutes this appeal.

Counsel for appellant says in his brief: "There is but a single question presented by the record: Was section 2 of the amendatory act of incorporation of the Northwestern University, approved February 14, 1855, repealed by the general act approved May 4, 1887." The contention, therefore, that paragraph 47, section 1, article 5, of the Cities and Villages act is void because it is local and special legislation, and therefore prohibited by the constitution, is, as we understand, abandoned. That clause provides that the forty-sixth clause of said section, whereby power is given to incorporated cities and villages to license, regulate and prohibit the selling or giving away of intoxicating liquors, "shall not be construed to affect the provisions of the charter of any literary institution heretofore granted." We have so repeatedly held that a law may be general and yet be operative in a single place or places where the conditions necessary to its operation exist, that, if it were not abandoned, discussion of the question would be unnecessary. *People* v. *Hoffman*, 116 Ill. 587; *West Chicago Park Comrs.* v. *McMullen*, 134 id. 170; *People* v. *Cregier*, 138 id. 401.

The paragraph of the act of May 4, 1887, insisted upon as repealing the provision of the charter before quoted, is as follows: "Whoever shall, outside the incorporated limits of any city, town or village, by himself or another, either as principal, clerk or servant, directly or indirectly sell, barter or exchange, or in any manner dispose of, for money or anything of value, any intoxicating liquor of any kind, in any less

quantity than five (5) gallons, and in the original packages as put up by the manufacturer, shall for each offense be fined not less than $50 nor more than $100, or imprisoned in the county jail for not less than ninety days, or both, in the discretion of the court." And the question presented is, whether this subsequent act is so necessarily inconsistent with the charter as to operate as a repeal of it.

Repeal by implication is not favored, and if the two acts said to be inconsistent can be so construed that each may be enforced, such construction is to be adopted as will give effect to the legislative will as expressed in each act. This has been so repeatedly adjudged that a citation of a few, only, of the cases will be required. (*Town of Ottawa* v. *LaSalle*, 12 Ill. 339; *Village of Hyde Park* v. *Cemetery Ass.* 119 id. 141). In the former case it·was held, following the general rule, as we· understand it, that a subsequent statute which is general does not repeal or abrogate a former statute intended to operate upon particular subjects, and in the case last cited this doctrine was approved, and it was held, that although, by the general law, the village was given general power to lay out and vacate roads and streets within its corporate limits, yet the cemetery association having been authorized, by special act, to acquire land for a public purpose, and by the terms of the act such lands were not liable to be taken for road purposes, the general law did not repeal the particular act. And it was said that, upon the principle before stated, "the two acts may stand together. Under the general law all roads and streets in the village are under its control except the lands of the association, and as to those lands the association has exclusive control."

But if this principle can not be said to apply, it is clear that if the provision in the charter in question is repealed, the forty-seventh clause of the general Incorporation act, before referred to, must also be held to be repealed, for it is only by virtue of the power exercised by the village under the forty-

sixth paragraph that the defendant claims to be protected in his sales, and the power of the city council to grant license is necessarily restricted by the forty-seventh clause. While the power is given to license, regulate and prohibit the selling or giving away of intoxicating liquors, such power is not to be so construed as to affect the provisions of the charter of the Northwestern University, it being a literary institution, the charter of which was granted before the passage of the general Incorporation law.

But there is no such necessary inconsistency between these acts of the legislature that both may not stand. The purpose of the provision of the charter was to protect the institution, and those attending it, from the evils attendant upon the establishment of saloons and dram-shops in its immediate vicinity. The object was to remove, as far as practicable, the temptation to intemperance and vice, believed to follow the existence of open saloons in close proximity to the place where large numbers of young men would be congregated, without the restraints found in the family and home. (*O'Leary* v. *County of Cook*, 28 Ill. 534.) The act of 1887 creates no right and grants no permission to sell intoxicating liquors anywhere. Its purpose was not to reach unlicensed dram-shops or saloons, only, but to punish all sales of intoxicating liquors of any kind, outside of the incorporated limits of cities and villages, in less quantities than five gallons, and in the original packages as put up by the manufacturer. One is general in its application, and has for its purpose the preservation of good order in the State, outside of the police control of the cities and villages; the other is to protect the well-being of the institution of learning chartered by the State.

It may be, as suggested, that a party might be prosecuted under the act of 1887 and also under the provisions of the charter, for sales of intoxicating liquors made outside of any incorporated city or village, and within four miles of the university. So one selling liquor, prohibited by section 79 of

chapter 46 of the Revised Statutes, on election day, within one mile of the place of holding an election, might be prosecuted under that section, or under the Dram-shop act if the sale was without license, or under the ordinance of the city or village if within the limits of the same; and so the sale of intoxicating liquors at or within two miles of the place where any agricultural, horticultural or mechanical fair is being held may be prosecuted under the 13th section of chapter 5 of the Revised Statutes, or, if not protected by license, under the Dram-shop act. So under the 59th section of chapter 38, (Starr & Curtis, par. 100,) the penalty for selling or giving away intoxicating liquors, etc., within one mile of any camp or field religious meeting, etc., may be proceeded against under that section, when liable, or, if not protected by license, as in other cases of unlawful sale. It is true, no one can be twice put in jeopardy of life or limb for the same offense; but it is entirely competent for the legislature to make an act committed under certain circumstances an offense, and not a crime, or a different offense, when committed under other or different circumstances, and create different penalties for its commission. To sell intoxicating liquors outside of incorporated cities and villages is made an offense, and the penalty provided by the statute imposed. A sale within four miles of the institution of learning may be a much graver offense, and, in the judgment of the legislature, require an increased or additional penalty. It will not be necessary for us here to pause and discuss or determine what would be the effect of a conviction under one statute, upon a prosecution under the other. It is sufficient that the legislature has affixed to the unlawful sale within the vicinity of an institution which it has chartered, another or different penalty from that prescribed generally. *Hankins* v. *People,* 106 Ill. 628, and cases therein cited.

We are of opinion that the Appellate Court determined correctly, and its judgment will be affirmed.

*Judgment affirmed.*