THE PEOPLE *ex rel.* C. E. Brummet, Appellee, *vs.* JULIUS H. MOECKEL *et al.* Appellants.

*Opinion filed December 17, 1912.*

1. QUO WARRANTO—*the Practice act of 1907 did not repeal section 2 of the Quo Warranto act.* The Practice act of 1907 did not repeal, expressly or by implication, the provision of section 2 of the Quo Warranto act of 1874 authorizing a summons issued in term time to be returnable at the same term, not less than five days after the date of the writ.

2. SAME—*the Practice act does not control procedure for summoning defendants in quo warranto.* Section 2 of the Quo Warranto act of 1874, which authorizes a summons issued in term time to be made returnable at the same term, not less than five days from the date of the writ, was intended to provide a different procedure for summoning defendants in *quo warranto* proceedings from that provided by the Practice act for ordinary civil actions at law. (*Lavalle* v. *People,* 68 Ill. 252, explained.)

APPEAL from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

J. M. HERBERT, and L. R. STEWART, for appellants.

W. H. STEAD, Attorney General, (JAMES H. MARTIN, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

At the April term, 1912, of the circuit court of Jackson county, the People, on the relation of C. E. Brummet, filed a petition, supported by the affidavit of Brummet, for leave to file an information in the nature of a *quo warranto* against Julius H. Moeckel to require him to show by what authority and right he was exercising the office of president of the board of trustees of the supposed village of Neunert, in Jackson county, and against Gust Twenhafel, Herman Guetersloh, Henry Zerbst, Fred Otjen, M. Weber and Theodore Lungwitz to require them to show by what right and authority they were exercising the office of trustees of said supposed village. Upon the filing of this petition, on April 8, 1912, the court entered an order granting leave to file the information and directing that summons issue against the defendants returnable April 22, 1912, being one of the days of the April term of said court. The information was thereupon filed and summons was issued against the defendants returnable April 22, 1912. The defendants were served with summons on April 13, 1912. On the return day the defendants appeared and filed their joint motion to quash the summons on the ground that the issuance, service and return of summons to the April term of court was in violation of the provisions of the Practice act. The defendant Julius H. Moeckel assigned as an additional ground for the motion that he had not been served with a true copy of the summons. The motion was sustained as to Moeckel and overruled as to the remaining defendants, and the court ordered an *alias* summons to issue against Moeckel returnable May 6, 1912, being one of the days of said April term. Moeckel was served with the *alias* summons on April 29, 1912, and on the return day thereof appeared specially and moved the court to quash the *alias* summons on the ground that the form, issuance, service and return of the *alias* summons were in violation of the Practice act. This motion was overruled.

The court thereupon entered a rule requiring all of the defendants to plead to the information by May 9, 1912. On the latter date, the defendants having failed to plead or demur to the information, judgment by default was rendered against them, ousting them from the respective offices of president and trustees of the village of Neunert and imposing a fine of one dollar upon each. The defendants have appealed from that judgment, and contend that the court erred in overruling the motions to quash the summonses and in rendering judgment by default at the April term of the circuit court, because the summonses were issued during said April term and under section 1 of the Practice act could not be made returnable before the next term of court.

Appellants rely upon the case of *Lavalle* v. *People,* 68 Ill. 252, in support of their contention. That case was instituted and determined in 1873, while the Quo Warranto act of 1845 was in force. That act contained no provision with reference to the issuance or return of summons in *quo warranto* proceedings, and in the *Lavalle case* it was held that section 1 of the Practice act of 1872, then in force, governed the issuance and return of summons in such proceedings, and that a defendant therein was entitled to be summoned ten days prior to the first day of the term to which the writ was returnable. The Quo Warranto act and the Practice act have both been revised since the decision in the *Lavalle case* was rendered.

In 1874, the year following that in which the *Lavalle case* was decided by this court, the legislature passed an act entitled "An act to revise the law in relation to *quo warranto.*" This act is chapter 112 of Hurd's Statutes of 1911. Section 2 of the act is as follows: "On the filing of such information, the clerk of the court shall issue a summons in like form as other summons, commanding the defendant to appear at the return term thereof, to answer the relator in an information in the nature of a *quo warranto.* If the information is filed in vacation, the summons shall be made

returnable on the first day of the next succeeding term; if in term time, it may be made returnable on any day of the same term, not less than five days after the date of the writ, as shall be directed by the court."· By section 4 it is provided that every defendant who shall be so summoned shall be held to demur or plead to the information on the return day of the summons or within such further time as may be granted by the court, and in default thereof that judgment may be taken *nil dicit*. The obvious purpose of the revision of the Quo Warranto act in 1874 was to change the practice as settled by the decision in the *Lavalle case* under the act of 1845, and to provide a different procedure for summoning defendants in *quo warranto* proceedings than that provided for ordinary civil actions at law by section 1 of the Practice act.

The Practice act was revised in 1907, and by section 1 thereof it is provided that "the first process in all actions to be hereafter commenced in any of the courts of record in this State shall be a summons, * * * which summons shall * * * be made returnable on the first day of the next term of the court in which the action may be commenced," and that "if ten days shall not intervene between the time of suing out the summons and the next term of. court, it shall be made returnable to the succeeding term." This section is exactly the same as section 1 of the Practice act of 1845, and is the identical provision which was in force at the time the revised Quo Warranto act was passed. The latter act, having provided specially for the issuance and return of summons in *quo warranto* proceedings in a manner different from that provided generally by the Practice act for actions at law, governed the procedure in such cases, and still governs the issuance and return of summons in *quo warranto* proceedings unless by the revision of the Practice act in 1907 the legislature repealed the provisions of the Quo Warranto act above referred to. The last section of the Practice act of 1907, being section 127 of chap-

ter 110 of Hurd's Statutes of 1911, particularly specifies
the acts which are thereby repealed, and neither the Quo
Warranto act nor any of its sections or provisions are
therein mentioned. If the Practice act has repealed any
part of the Quo Warranto act it must therefore necessarily
be only by implication. That repeals by implication are not
favored is so generally recognized as to need no citation of
authorities, and in *Village of Ridgway* v. *Gallatin County,*
181 Ill. 521, we said: "It is also the rule that a subsequent
law which is general does not abrogate or repeal a former
one which is special and intended to operate upon a par-
ticular subject, and that if the later statute does not con-
tain negative words it will not repeal the particular provi-
sions of the special law on the same subject, unless it is
impossible that both should be enforced.—*Covington* v.
*City of East St. Louis,* 78 Ill. 548; *Gunnarssohn* v. *City
of Sterling,* 92 id. 569; *City of East St. Louis* v. *Maxwell,*
99 id. 439; *Village of Hyde Park* v. *Cemetery Ass'n,* 119
id. 141; *Trausch* v. *County of Cook,* 147 id. 534."

The fact that the Quo Warranto act was obviously re-
vised in 1874 in order to provide a different procedure in
the summoning of defendants in *quo warranto* proceedings
than that provided for ordinary civil actions at law by sec-
tion 1 of the Practice act, the fact that no change was made
in section 1 of the Practice act of 1845 when that act was
revised in 1907, and the fact that the acts expressly re-
pealed by the Practice act of 1907 do not include the Quo
Warranto act of 1874 or any section or provision thereof, ·
are conclusive of the fact that the legislature did not, by
revising the Practice act in 1907, intend to repeal the pro-
visions of the Quo Warranto act with reference to the issu-
ance and return of summons. Moreover, section 1 of the
Practice act of 1907 is a general law governing the issuance
and return of summons in civil actions at law. The Quo
Warranto act is special, and intended to operate upon the
issuance and return of summons in a particular kind of

action, only. The Practice act does not contain any negative words upon the subject, and as it is possible to enforce both provisions in proper cases, under the rule laid down and applied in *Village of Ridgway* v. *Gallatin County, supra,* the revision of the Practice act in 1907 did not repeal the provisions of the Quo Warranto act with reference to the issuance and return of summons.

Appellants lay some stress upon the fact that section 15 of the Practice act of 1907 provides that it shall not be necessary hereafter, in any action of *quo warranto,* to set out the cause of action in the writ, but it shall be sufficient to summon the defendant in a summons in the usual form, commanding the defendant to appear and answer the plaintiff in an action of *quo warranto,* and the issue shall be made up by answering, pleading or demurring to the petition as in other cases. A sufficient answer to the contention that this provision shows that the legislature intended that *quo warranto* proceedings should be governed in all particulars by the provisions of the Practice act is, that this section also is exactly the same as section 10 of the Practice act of 1872 and was in force when the Quo Warranto act was revised, in 1874. Another conclusive answer to the contention is, that said section 15 deals only with the form of the summons and the manner in which the issues shall be made up and has no bearing upon the questions involved in this case. Moreover, it does not conflict with any provision of the Quo Warranto act but is in entire harmony therewith.

The court properly overruled appellants' motions to quash the summonses, and the defendants having failed to plead to the information within the time fixed by the court, judgment by default was properly rendered against them.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*