ADAM SEIBERT

*v.*

THE BOARD OF SUPERVISORS OF LOGAN COUNTY.

JAILOR—*whether county liable for compensation of.* A keeper of a jail, appointed by the sheriff of a county at a certain rate of wages per month, promised by the sheriff, has no claim on the county for his wages, but must look alone to the sheriff for his compensation.

APPEAL from the Circuit Court of Logan county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Adam Seibert, having been appointed by Hiram L. Pierce, the sheriff of Logan county, to act as jailor of the county at a compensation of $40 per month, and having served in that capacity for the period of nine months, presented his account

for such services, amounting to $360, to the board of supervisors of the county. That body refused to allow the claim, whereupon Seibert took the case, by appeal, to the circuit court, where a trial was had resulting in a judgment against Seibert for costs. He now brings the record to this court and asks a reversal of that judgment.

Mr. E. LYNCH, for the appellant.

Mr. S. C. PARKS, and Messrs. BEASON & BLINN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

There is but one question made on this record, and it is not difficult of solution. It is this: A keeper of a jail, being appointed by the sheriff of a county at a certain rate of wages per month, promised by the sheriff, is the county, in which the jail is, responsible for his wages?

The answer is found in the plain reading of the statute. It is in these words: The sheriff of each county in this State shall have the custody, rule, keeping and charge of the jail within the county, and of all prisoners in such jail, and may appoint a jailor under him and remove him at pleasure, for whose conduct he shall be responsible. R. S. ch. 55, sec. 2.

The appointment of a jailor is discretionary with the sheriff, and when appointed he is but a deputy of the sheriff, and accountable to the sheriff. For performing the duties of jailor, the sheriff is entitled to certain fees by law; if his deputy performs them, he could only look to the sheriff for his compensation. The county is under no legal obligation to compensate him. A sheriff, when entering upon the duties of his office, knows what the compensation is, and he has no right to complain if the perquisites and emoluments are insufficient.

It can not be pretended that the sheriff, himself, could maintain an action against the county for his services as

jailor, although he is the servant of the county. On what principle, then, can it be urged, his appointee can maintain such action ?

Appellant must look to the party who employed him, for compensation ; he has no claim on the county.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*