# UNION COUNTY

## v.

# WILLIAM R. PATTON.

1. FEES OF SHERIFFS *provided by special laws—how affected by the constitution of* 1870. The law of 1865, regulating the compensation of sheriffs in certain counties, is expressly repealed by the latter clause of section 11 of article 10 of the constitution of 1870, which provides that "all fees established by special laws shall cease on the adoption of this constitution." For services rendered after the adoption of the constitution, officers were remitted to the general laws.

2. Upon it being contended that section 11 had application only to officers elected after the constitution went into effect, it was *held*, although the first part of the section must be so applied, yet the language in the beginning of the latter clause—"the compensation herein provided for shall apply only to officers hereafter elected"—has reference to the compensation mentioned in section 10 of the same article.

3. KEEPER OF JAIL—*whether may recover the fees of the sheriff.* The mere keeper of a jail can not recover of the county the fees of the sheriff, for keeping, dieting and discharging prisoners.

APPEAL from the Circuit Court of Union county; the Hon. M. C. CRAWFORD, Judge, presiding.

This was a proceeding originally commenced by William R. Patton, in the county court of Union county, to recover of the county certain fees which he claimed as keeper of the jail of the county. Upon a trial in the circuit court, to which an appeal was prosecuted from the judgment of the county court, the jury returned a verdict in favor of Patton of $811.60, upon which the court entered judgment. The county appeals to this court.

Messrs. WARE & TOWNES. for the appellant.

Messrs. MAYHAM & LAYMAN, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The law of 1865, by authority of which the judgment was rendered in this case, was a special law to regulate the compensation of sheriffs in certain counties. Sess. Laws 1865, p. 69.

The latter clause of section 11 of article 10 of the constitution of 1870 is an express repeal of it. The language is too plain to admit of construction. It is: "All fees established by special laws shall cease at the adoption of this constitution."

For services rendered after the adoption of the constitution, officers were remitted to the general laws.

It is contended that section 11 has application only to officers elected after the constitution went into effect. The first part of the section must be so applied; and in the beginning of the latter clause, the language is: "The compensation herein provided for shall apply only to officers hereafter

elected." This has reference to the compensation mentioned in section 10 of the same article. But in the subsequent words, where the cessation of special laws is declared, the language is too clear to require argument.

The record discloses that appellee was the jailer. He might have been the keeper of the jail, and not the sheriff.

This court has decided that the mere keeper of the jail can not recover the fees of the sheriff for keeping, dieting and discharging prisoners. *Seibert* v. *The Board of Supervisors of Logan County, ante* 155.

The judgment is reversed and the cause remanded.

*Judgment reversed.*