JOHN L. GOFF

*v.*

DOUGLAS COUNTY.

*Filed at Springfield March 31, 1890.*

1. COMPENSATION OF JAILER—*liability of county—"keeping the jail"— the statute construed.* The appointment of a jailer is discretionary with the sheriff, and when appointed he is a deputy of the sheriff, and, as such, accountable to him. The sheriff has no claim on the county for compensation paid by him to the jailer. Keeping the jail is an official duty of the sheriff, and the act of his deputy is to be regarded as his act.

2. The sheriff can only be compensated for his own services, and those of his deputies, out of the amount fixed by the county board for his compensation, with the amount of his necessary clerk hire, stationery, fuel and other expenses. He can not recover from the county a distinct amount for compensation paid by him to his deputy for keeping the jail.

3. The word "keeping," in section 24, chapter 75, of the Revised Statutes, providing that "the cost and expense of *keeping*, maintaining and furnishing the jail," etc., shall be paid by the county, has reference to the necessary manual acts of mechanics or laborers to preserve the jail in the condition required by law, and that section does not repeal sections 2 and 3 of the same act. The word "keeping," in those sections, means to have the custody or charge, and includes that kind of service for which fees are allowed the sheriff by different clauses of section 19 of chapter 53, which go to increase the fund from which his compensation is to be paid.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Douglas county; the Hon. C. B. SMITH, Judge, presiding.

This was an action by John Goff, sheriff of Douglas county, against that county, for moneys paid by him to a person appointed by him to exercise the duties of jailer.

The case is stated in a special count in the declaration. It is therein alleged "that plaintiff, at various times, from May 5, 1888, to December 3, 1888, paid to J. C. Cutler $212, and also, at various times, from December 3, 1888, to March 4, 1889, paid said Cutler the sum of $136.50, said sums having been paid as aforesaid to said Cutler for services rendered as assistant jailer of said county, for keeping said jail from May 5, 1888, to December 3, 1888, and from December 3, 1888, to March 4, 1889. Plaintiff avers that said services were necessary, and that said plaintiff presented said claim, to-wit, the total sum of $348.50, being the aggregate of said sums, to the board of supervisors of said county, as an account against said county, at their meeting held in March, 1889; and also, said plaintiff, at the meeting of said board held in December, 1888, presented said claim, to-wit, $212, as an account and claim against said county, and that said board of supervisors, at said meetings, respectively, and at other meetings of said board, refused to allow said claim, and then and there denied the same, to the damage of said plaintiff for said sum of $348.50,

whereby an action has accrued to plaintiff against said defendant, at the county aforesaid, for said sum of $348.50 paid out as aforesaid, and therefore he brings suit for said amount,—$348.50."

The defendant demurred to the declaration, and the court sustained the demurrer and rendered judgment for the defendant. On appeal to the Appellate Court for the Third District that judgment was affirmed. The present writ of error brings that judgment before this court for review.

Messrs. ECKHARDT & MOORE, for the plaintiff in error:

The act relating to jails and jailers was passed in 1874, and this subject is treated of in chapter 75 of the Revised Statutes. By section 2 the sheriff is the keeper of the jail, and by section 3 he may appoint an assistant jailer, and remove him at pleasure. By section 24, "the cost and expense of keeping, maintaining and furnishing the jail of each county, and of keeping and maintaining the prisoners thereof, except as is otherwise provided by law, shall be paid from the county treasury, the amount thereof being first settled by the county board." *McClaughry* v. *Hancock County*, 46 Ill. 356; *Union County* v. *Patton*, 63 id. 451.

The case of *Seibert* v. *Logan County*, 63 Ill. 155, was based upon a former statute somewhat different from the present one.

Mr. JOHN R. EDEN, and Mr. J. K. BREEDEN, for the defendant in error:

The sheriff is made, by law, the keeper of the jail, and the keeping of the same is made a part of his duties. Rev. Stat. chap. 75, secs. 2, 3; chap. 125, sec. 7.

The county is not responsible for wages promised the jailer by the sheriff for keeping the jail, he being merely a deputy. *Seibert* v. *Logan County*, 63 Ill. 155; *Union County* v. *Patton*, 63 id. 458.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We are unable to distinguish this case, in principle, from *Seibert* v. *Logan County,* 63 Ill. 156, where the facts were the same that they are here. The decision there is expressly upon the ground that the appointment of a jailer is decretionary with the sheriff, and, when appointed, he is but the deputy of the sheriff, and accountable to the sheriff. (See, also, *Union County* v. *Patton,* 63 Ill. 458.) The statute affecting this question has undergone no material change since that case was decided. See 1 Gross' Comp. 1873, chap. 55, sec. 2; 2 Starr & Curtis, chap. 75, secs. 2, 3, p. 1372.

Under the statute, (2 Starr & Curtis, chap. 75, secs. 2, 3, *supra,*) "keeping the jail" is an official duty of the sheriff, and when this is established, since the act of the deputy is, in legal estimation, only the act of his principal, and the sheriff can only be compensated therefor out of the amount fixed by the county board for his compensation, with the amount of his necessary clerk hire, stationery, fuel, and other expenses, (Const. art. 10, sec. 10, *Marion County* v. *Lear,* 108 Ill. 343,) it is impossible that the sheriff can be entitled to recover from the county a distinct amount for compensation paid by him to his deputy for keeping the jail,—that is, for doing only what, in legal contemplation, he does himself, by virtue of his office.

Counsel, however, insist, that under the language of section 24, chapter 75, (2 Starr & Curtis,) the cost of "keeping the jail" is made a county charge. But this does not assume to modify or repeal sections 2 and 3 of the same act, and clearly, therefore, must have reference to the necessary manual acts of mechanics or laborers to preserve the jail in the condition in which the jail is required by law to be,—and this is one of the well recognized senses of the word "keeping." But "keeping," in the sense contemplated by sections 2 and 3, means to have in custody or charge, and so includes that kind of ser-

vice for which fees are allowed the sheriff by different clauses of section 19 of chapter 53, (1 Starr & Curtis, p. 1128 *et seq.,*) and which go to increase the fund from which his compensation is to be paid.

The judgment is affirmed.

*Judgment affirmed.*