THE COUNTY OF COOK

*v.*

JAMES H. GILBERT.

*Filed at Ottawa March 31, 1893.*

1. SHERIFF—*duty to furnish prisoners with food, clothing, bedding, etc.* The sheriff, as the keeper of the jail, is required by statute to furnish each prisoner, daily, with as much clear water as may be necessary for drink and personal cleanliness, and serve him three times a day with wholesome food, well cooked and in sufficient quantity. He is also required to furnish the necessary bedding, clothing, fuel and medical aid for all prisoners under his charge, and keep an accurate account of the same, and for a failure or refusal to comply with such requirements a fine not exceeding $100 is imposed on him.

2. SAME — *of his compensation therefor.* The cost and expense of keeping, maintaining and furnishing the jail of each county, having

reference to the necessary expense of keeping the jail in proper condition and repair, and of keeping and maintaining the prisoners thereof, are required to be paid from the county treasury. The statute also provides that the sheriff shall receive, "for dieting each prisoner, such compensation, to cover the actual cost, as may be fixed by the county board." This does not mean that he is to receive pay for serving the food, as that is a part of his duty as jailer, and is compensated by his salary as sheriff, and the pay of jailers and deputies by the county.

3. SAME—*right of county board to fix the price.* The legislature, understanding that it is the duty of the sheriff to provide food for prisoners confined in the jail, gave the county board the right of fixing the price, not less than the actual cost, as a matter of protection to the county. In respect to all other items to be furnished by the jailer he is required to keep an accurate account, and they become a proper county charge for the actual money expended by the sheriff.

4. SAME—*requiring him to apply to the superintendent of public service for supplies.* The board of county commissioners of Cook county has not the right, under section 61 of the act relating to counties, as amended by the act of 1887, to require the sheriff to apply to the superintendent of public service for supplies for dieting prisoners confined in the jail, and to make application to the board for the necessary help to prepare and serve the food to such prisoners. The liability of the county is not confined to supplies furnished by such superintendent.

5. The act of 1887 provides only that the superintendent appointed by the board of county commissioners shall purchase, receive and distribute all supplies necessary for the use and service of Cook county and the various institutions, "except those which are by law otherwise expressly provided for." As the furnishing of supplies necessary for dieting the prisoners of the jail of the county has been "by law otherwise expressly provided for," the amendment of 1887 has no application.

6. COUNTY BOARDS—*of their powers.* County boards can exercise such powers, only, as are expressly given by law, or such as arise by necessary implication from the powers granted, or are indispensable to carry into effect the objects and purposes of their creation.

7. STATUTES—*repeal by implication.* The repeal of a statute by implication is not favored, and will not be held, if both acts, by reasonable construction, may be continued in force. Nor will a subsequent general law, by implication, operate as a repeal of a special law on the same subject.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

Between the 1st and 15th days of January, 1891, appellee, as sheriff and *ex officio* jailer of Cook county, furnished sundry supplies necessary for dieting the prisoners in the common jail of said county, the cost of the same aggregating $1267.72. The board of county commissioners having refused to allow the same, appellee brought suit therefor.

December 26, 1890, said board adopted the following resolutions:

"*Resolved,* That the sheriff, *ex officio* keeper of the jail, be and hereby is directed to make application to the superintendent of public service for such supplies for the feeding of the prisoners at the jail at such time, of such quality and in such quantity as he deems necessary and expedient, in the same manner as he now applies for their clothing, bedding, etc., and under the same rules as are applicable to the other public institutions of the county; and be it further

"*Resolved,* That the superintendent of public service be and is hereby directed to ascertain the kind, quality and quantity of food necessary to enable the sheriff to serve such prisoners in the county jail with sufficient food, of a good quality, three times each day, and that the superintendent of public service thereupon advertise for bids for such food, in the same manner as is now required by law for other institutions of the county; and be it further

"*Resolved,* That the sheriff be and is hereby instructed to make application to the board for the necessary help to well prepare and to serve the food in sufficient quantity to serve the prisoners at the jail."

The cause was tried by the court, by consent, upon the following agreed statement of fact: "That the amount sued for is $1267.72, being the actual cost and expense of keeping, maintaining and furnishing the jail of Cook county, Illinois, between the 1st and 15th days of January, 1891, and was expended by the plaintiff, as sheriff and *ex officio* jailer of said county, for the articles mentioned in the bill of particulars

attached to the declaration herein; that the plaintiff entered into the office of sheriff of said county on the first Monday in December, 1890, and had not, at any time prior to the passage of the resolution of December 26, 1890, applied to the county board for supplies, clothing, bedding, etc., by requisition or otherwise, for the use of said jail; that during the time the plaintiff furnished the articles mentioned in said bill of particulars, the county board of said county had fixed no compensation to cover the actual cost of dieting each prisoner, nor had made any other provision therefor, nor for the furnishing of said jail, other than that contained in the resolution of December 26, 1890, which resolution, as set out in the defendant's additional plea, is admitted to be a true copy of the resolution as passed by the county board; that the plaintiff presented his bill to the county board in due form, which was by the said board disallowed, on the ground of non-compliance with the said resolution of December 26, 1890."

The court found for the defendant and entered judgment against the plaintiff for costs. On appeal to the Appellate Court this judgment was reversed and the cause remanded, with instructions to enter judgment for plaintiff for the amount stipulated. The county prosecutes this appeal.

Mr. JOHN A. HENRY, for the appellant.

Mr. E. R. BLISS, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The principal question presented, and the only one we deem it necessary to consider, is, whether the board of county commissioners of Cook county has the right, under section 61 of the act relating to counties, as amended by the act of 1887, (3 Starr & Curtis, 305-308,) to require the sheriff to apply to the superintendent of public service for supplies for dieting the prisoners confined in the jail, and to make application to

the board for the necessary help to prepare and serve the food to such prisoners, and whether the county is liable only when the said supplies are furnished by such superintendent. Counsel for appellant relies mainly, for the support of his theory, upon the following provisions of subdivision 7 of said section 61 of said act: "It shall be the duty of the superintendent, under authority of the board of commissioners, to purchase, receive and distribute all supplies necessary for the use and service of Cook county and its various institutions, of whatever nature, except those which are by law otherwise expressly provided for." It was evidently in contemplation of this provision that the resolutions of the board were adopted.

The Jailers act (2 Starr & Curtis, chap. 75,) provides that the sheriff of each county shall be keeper of the jail and have custody of the prisoners therein. By the 16th section of the act he is required to "furnish each prisoner, daily, with as much clear water as may be necessary for drink and personal cleanliness, and serve him three times a day with wholesome food, well cooked, and in sufficient quantity." And by section 19 he is required to furnish the necessary bedding, clothing, fuel and medical aid for all prisoners under his charge, and keep an accurate account of the same. By section 23 it is provided, that "any sheriff or jailer who shall fail or refuse to comply with either of sections 16, * * * 19, * * * shall be fined not exceeding $100." Section 24 of the act provides: "The cost and expense of keeping, maintaining and furnishing the jail of each county," having reference to the necessary expense of keeping the jail in the condition and repair in which it is required by law to be kept," (*Goff* v. *Douglas County*, 132 Ill. 323,) "and of keeping and maintaining the prisoners thereof, * * * shall be paid from the county treasury," etc.

It seems clear that the legislature intended, by the 16th and subsequent sections of the act, to commit to the sheriff, as jailer, the performance of the various duties prescribed.

The sheriff must, as we have seen, under the penalty prescribed, serve the prisoners in the jail, three times a day, with wholesome food and in sufficient quantity. The authority is given to the sheriff, and he is required to discharge the duty. It can not be supposed that the legislature intended the substitution of another will or judgment for that of the sheriff, in serving the food to prisoners in his charge.

It is said, however, that the requirement of the statute is, that he shall "*serve*" the food, and not that he shall provide or furnish it. The legislature has also provided (Rev. Stat. chap. 53, sec. 19,) that the sheriff shall receive, "for dieting each prisoner, such compensation, to cover the actual cost, as may be fixed by the county board." It is manifest that this provision does not mean that he shall receive pay for *serving* the food, in the restricted sense of that word contended for,—that is, for conveying or serving the food to the prisoner, —for that would be part of his duty as jailer, and is compensated for by his salary as sheriff, and the pay of jailers and deputies by the county. Dieting, as here used, means providing and furnishing to the prisoners their daily food. The legislature, understanding that it was the duty of the sheriff, under the law, to provide food for prisoners confined in the jail, gave the county board the right of fixing the price, not less than the actual cost, as a matter of protection to the county. In respect of all other items to be furnished by the jailer he is required to keep an accurate account, and they become a proper county charge for the actual money expended by the sheriff. (*LaSalle County* v. *Milligan,* 143 Ill. 321.) But the legislature has seen fit to select out the matter of furnishing the food, and to give the county board the right to fix the price, in their discretion, at such sum as will cover the actual cost of dieting the prisoners, and require the sheriff, as jailer, to furnish and serve it.

In our opinion, provision had already been made by law, prior to the passage of the amendment of 1887 referred to,

18—146 ILL.

for providing the necessary supplies for keeping and maintaining prisoners in county jails. If, therefore, power was conferred upon the board of commissioners to commit the furnishing of such supplies to a superintendent of its own choosing, by the amendment of 1887, it is because that act operates as a repeal, by implication, of the special provisions of chapter 75 of the Revised Statutes before referred to. Repeal by implication is not favored, and will not be held, if both acts, by reasonable construction, may be continued in force. (*Bruce* v. *Schuyler*, 4 Gilm. 221; *Board of Supervisors* v. *Campbell*, 42 Ill. 490; *City of Chicago* v. *Quimby*, 38 id. 274; *Butz et al.* v. *Kerr*, 123 id. 659.) Nor will a subsequent general law, by implication, operate as a repeal of a special law on the same subject. *Town of Ottawa* v. *County of LaSalle*, 11 Ill. 654; *Butz et al.* v. *Kerr*, *supra*.

There is here no possible difficulty of construction. The act of 1887 provides, only, that the superintendent appointed by the president of the board of county commissioners, with the advice and consent of the board, shall purchase, receive and distribute all supplies necessary for the use and service of Cook county and the various institutions, "*except those which are by law otherwise expressly provided for.*" The furnishing of supplies necessary for dieting the prisoners of the common jail of the county having been "by law otherwise expressly provided for," the amendment of 1887 had no application. The county board can exercise such powers, only, as are expressly given by law, or such as arise by necessary implication from the powers granted, or indispensable to carry into effect the objects and purposes of the creation of the municipal corporation. Dillon on Mun. Corp. sec. 89; *Cook County* v. *McCrea*, 93 Ill. 236; Am. and Eng. Ency. of Law, 389, note 7; 15 id. 1041, and note 2.

The acts may, in our opinion, be reasonably construed so that both may stand, the responsibility in respect of dieting the prisoners resting upon the sheriff, as jailer, under the

provisions of chapter 75, and the amendment of 1887 be held applicable to the furnishing of all supplies necessary for the use and service of the county and its other institutions which are not by law otherwise expressly provided for.

We are of opinion that the Appellate Court decided correctly, and its judgment must be affirmed.

*Judgment affirmed.*