## Scott County v. Thomas Drake.

1. COUNTIES—*Liability of, For Board of Prisoners in County Jail.*— A county is liable to its sheriff for the sustenance of a prisoner confined in its county jail under a mittimus issued on a judgment of the Circuit Court of such county, imposing a fine against him for violating an ordinance of a village of such county.

2. JAILERS—*Can Not Recover from a County, Fees for Dieting Prisoners.*—A keeper of a jail, appointed by the sheriff of a county, can not recover of the county the fees of the sheriff, for keeping, dieting and discharging prisoners.

Claim, against a county disallowed by county board. Appeal from the Circuit Court of Scott County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the May term, 1897. Reversed without remanding. Opinion filed September 13, 1897.

THOMAS J. PRIEST and JAMES A. WARREN, attorneys for appellant.

J. M. Riggs, attorney for appellee.

Mr. Justice Burroughs delivered the opinion of the Court.

At the April term, 1896, of the Circuit Court of Scott County, George H. Dodson was fined $200 for violating an ordinance of the incorporated village of Bluffs, in said county. The judgment concluded with order for his imprisonment in the county jail if he did not pay the fine and costs, upon demand, under writ of execution. He did not pay the fine when demanded, and on June 10, 1896, a *capias pro fine* issued, commanding the sheriff to take said Dodson and keep him until he paid the fine and costs, unless he should be otherwise sooner discharged, limiting the imprisonment to not exceeding six months. This writ was delivered to the sheriff of said county, and under it he took the body of said Dodson and delivered him to appellee, who was then, and thereafter continued to be, jailer, by legal appointment from the sheriff. Appellee received the prisoner according to the mandate, and held him in confinement from June 10 until August 10, when he was discharged by order of said court. Appellee was appointed jailer by the sheriff, December 4, 1894; his sole compensation for furnishing food, washing and other necessaries for all prisoners was to be such allowance as was provided by law. During the whole period, from the appointment of the appellee, December 4, 1894, up to the time this controversy arose, in September, 1896, appellee made out quarterly accounts against the said county, in his own name, for all he became entitled to for sustaining prisoners, according to his contract with the sheriff, and presented them to the county board, which body audited, and with now and then slight modifications allowed them, and ordered county warrants to be drawn therefor in favor of appellee, in his own name. June 15, 1896, he made out and presented to the county board a similar account in which his charges for receiving Dodson and sustaining him six days were included. The county board allowed this account to appellee, including these charges,

and ordered a warrant to be drawn on the county treasury therefor, payable to appellee. This was done by the board June 17, 1896, and on that day the county board informed appellee that they would not pay any more of the charges for sustaining Dodson, and that in the future he would have to look to the village of Bluffs for his pay. As already stated, Dodson remained in custody till August 10 following. The said village refused to pay the charges. Dodson was insolvent. Appellee made out his bill for the cost of sustaining the prisoner from June 16, to August 10, amounting to $44.75, and presented it to the county board at their meeting in September, 1896, and it was rejected by an order entered of record as follows:

"The bill of Thomas Drake for $44.75, board of George H. Dodson, in Scott county jail, be and the same is by this board rejected, and is not allowed, the same not being a county charge." From this order appellee appealed to the Circuit Court under the provisions of section 35, page 443, Rev. Stat. Ill., 1895. In the Circuit Court the case was heard by the court without a jury, on an agreed state of facts, of which the above is the substance, and resulted in a finding and judgment in favor of appellee for $44.75, and an order of that court that the county clerk draw a warrant upon the county treasury for the said sum of $44.75. No propositions of law were submitted to the trial court. Appellant brings the case to the Appellate Court of the Third District of Illinois by appeal.

The question presented for decision by this record is this, is the appellant, the county of Scott, liable to appellee for the sustenance of one Dodson, a prisoner confined in the county jail of said county, under a mittimus issued on a judgment of the Circuit Court of same county, imposing a fine against him of $200 and costs for violating an ordinance of the village of Bluffs, in said county.

We are of the opinion that appellant is liable for such sustenance, but not to appellee, who is but the deputy or assistant jailer under the sheriff of said county, by appointment of said sheriff, under Secs. 2 and 3, Chap. 75, Illinois Statutes, which are as follows:

"Sec. 2. The sheriff of each county in this State shall be the keeper of the jail of the county, and have the custody of all prisoners in such jail."

"Sec. 3, Ibid. He (sheriff) may appoint an assistant under him, and remove him at pleasure, for whose conduct he shall be responsible." Under Sec. 4 of same chapter, "The keeper of the jail shall receive and confine in such jail, until discharged by due course of law, all persons who shall be committed to such jail by any competent authority." And under Sec. 24, same chapter, "The cost and expense of * * * keeping and maintaining the prisoners thereof, except as otherwise provided by law, shall be paid from the county treasury, the account therefor being first settled and allowed by the county board." Under Sec. 19, Chapter 53, Revised Statutes of Illinois, "*The sheriff* is allowed fees, as follows: For committing each prisoner to jail, in counties of first and second class, fifty cents; third class, thirty cents; and the same for discharging each prisoner from jail; and for dieting each prisoner, such compensation to cover the actual costs as may be fixed by the county board." These fees and allowances are, by the terms of our statute, *to the sheriff*, and he alone can demand and sue for the payment thereof from the county, and not his deputy or assistant jailer. Seibert v. Logan Co., 63 Ill. 155; Union County v. Patton, 63 Ill. 458. Inasmuch, therefore, as the court below gave appellee a judgment against appellant for $44.75, for the maintenance of the said prisoner, Dodson, on the facts above stated, it committed an error which compels us to reverse that judgment, and inasmuch as we hold that appellee can not recover in this case from appellant, we will not remand the case.

Judgment reversed.