## The People of the State of Illinois ex rel. etc., v. Henry C. Gibler.

1.  CITIES AND VILLAGES—*May Designate Where Public Moneys Shall be Kept.*—Under Article 7, Section 9, Chapter 24, R. S., entitled "Cities and Villages" (Hurd's Statutes, 1898, 277), the treasurer may be required to keep all moneys in his hands belonging to the corporation in such place or places as may be designated by ordinance.

2.  REPEALS—*By Implication.*—Repeals by implication are not favored, and if the two acts, though seemingly repugnant, may be so construed that each may be given force and effect, the former will not be held to be repealed by implication.

3.  SAME—*Sec. 9, Art. 7, Chap. 24, R. S., Not Repealed.*—Section 9, Article 7, Chapter 24, R. S. (Hurd's Statutes, 1898, 277), is not repealed by implication by the act of the legislature passed in 1893 to compel a city treasurer to account for interest on public funds under his control and in his custody.  (Session Laws of 1893, 136.)

4.  MANDAMUS—*Lies to Compel City Treasurer to Deposit Funds in Designated Depository.*—The writ of mandamus is proper to compel a city treasurer to deposit moneys belonging to the city in the depository selected by the city council by ordinance.

Mandamus, to compel the treasurer of the city of Mattoon to deposit money in a depository selected by the city council.  Trial in the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding.  Finding and judgment for respondents on demurrer to petition.  Error by relator.  Heard in this court at the May term, 1898.  Reversed and remanded with directions.  Opinion filed October 5, 1898.

HORACE S. CLARK, attorney for defendant in error.

JOHN F. VOIGT, city attorney, and JAMES W. CRAIG, attorneys for plaintiff in error.

MR. PRESIDING JUSTICE GLENN delivered the opinion of the court.

This is a proceeding by mandamus, instituted by plaintiff in error to compel the defendant in error, as treasurer of the city of Mattoon, to deposit in the Mattoon National Bank, a depository selected by the city council by ordinance, all funds belonging to the city in his hands as such treasurer. It is alleged in the petition that the defendant in error at the last city election was duly elected treasurer of the city of Mattoon and qualified as such according to law and is acting in that capacity; that he now has in his hands, as such city treasurer, the sum of $18,000 that belongs to the city of Mattoon. It is further alleged in such petition that the city council, by ordinance of April 25, 1887, designated as the depository of city funds the Mattoon National Bank, and that the city treasurer is thereby required to keep and deposit all funds of the city in this bank; that it is further provided by this ordinance that the Mattoon National Bank shall be required to file a bond with sureties to be approved by the city council, such bond to be made and filed annually, at the first meeting of the city council in the month of May, and to be in a penal sum equal to the estimated receipts for the current year from taxes, and special assessments levied, and from revenues derived by the city from all sources. This ordinance is still in full force and effect. It is averred in the petition that on the 1st day of May, 1897, the Mattoon National Bank made, executed and delivered to the city council its bond in the penal sum of $85,000, with such sureties as the city council directed and approved, and sufficient to save the corporation from any loss, and the penal sum named in such bond was not less than the estimated receipts for the current year from taxes and special assessments levied or to be levied by the corporation. It is set out in the petition that on the 3d day of August, 1897, and while the defendant had in his hands

$18,000 of city funds, as such city treasurer, the city council passed a resolution requesting him to deposit such funds with the Mattoon National Bank as such depository, and directing the city attorney to make such demand. This demand was made and the defendant in error refused to comply with the request. To this petition the defendant in error filed a general demurrer. The court sustained the demurrer and dismissed the petition. The petitioner stood by his petition and brings the case to this court by writ of error.

By Chap. 24, Art. 5, Sec. 1, Hurd's Rev. Stat., the city council of cities has the control of the finances and property of the corporation. Art. 7, Sec. 9, of the same chapter provides the treasurer may be required to keep all moneys in his hands, belonging to the corporation, in such place or places as may be designated by ordinance; provided, however, no such ordinance shall be passed by which the custody of the money shall be taken from the treasurer and deposited elsewhere than in some regularly organized bank, nor without a bond to be taken from such bank in such penal sum and with such security as the city council or board of trustees shall direct and approve. * * * The plaintiff in error grounds its right to the relief prayed for in the petition filed herein upon the above section of the statute.

It is contended by the defendant in error that this section of the statute was repealed by implication by an act of the legislature, passed in 1893, to compel * * * city treasurers * * * to account for interest on public funds under control and in their custody. Session Laws of 1893, p. 136.

Repeals by implication are not favored, and if the two acts, though seemingly repugnant, may be so construed that each may be given force and effect, the former will not be held to be repealed by implication. Rich v. Chicago, 152 Ill. 18; Cook Co. v. Gilbert, 146 Ill. 268.

These two acts of the legislature seem to contemplate two distinct sets of conditions to exist when they are effective. The former applies when the city council requires the treasurer to keep all moneys that may come into

his hands belonging to the corporation in a city depository designated by ordinance. When he has placed the city funds that come into his hands into the city depository, his responsibility and that of his sureties, as to the safety of these funds, ceases. When, however, the city council fails to designate by ordinance, and as required by the statute, a city depository where the moneys of the corporation coming into his hands can be deposited, then the act of 1893 applies and the treasurer becomes the custodian of the fund. Thus construed these acts are not repugnant, and the act of 1893 does not by implication repeal the former act.

We recognize the well-settled doctrine that everywhere obtains, that mandamus will never be awarded where the right to it is doubtful or not clear.

The demurrer to the petition admits as true all the facts therein well pleaded and material. The averments in the petition show that the plaintiff in error had fully complied with the provision of Section 9, Article 7, Chapter 24, R. S., in providing and establishing a city depository in which it was the duty of the treasurer to deposit all funds coming into his hands belonging to the corporation. This duty required of him no exercise of judicial discretion. It was simply a ministerial act.

We are of opinion the court erred in sustaining the demurrer to the petition.

This cause is reversed and remanded, with directions to overrule the demurrer.