CHARLES MARSH

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed April 18, 1907.*

1. COUNTY BOARDS—*when a regular meeting terminates though not adjourned sine die.* A regular meeting of the board of supervisors which has been adjourned to a fixed day "or to the call of the chairman" terminates as effectually as by a *sine die* adjournment, where the meeting is not called on the day fixed in the order of adjournment but upon a different day fixed by the chairman.

2. SAME—*a county board can exercise no powers not given by law.* Boards of supervisors can exercise only such powers as are expressly given by law, or such as arise by necessary implication from the powers granted, or are indispensable to carry into effect the object and purpose of their creation.

3. SAME—*chairman of county board cannot call a special meeting.* Special meetings of the board of supervisors must be called in pursuance of the provisions of the statute, at the request of at least one-third of the members of the board; and the chairman has no power to call a meeting at his discretion, even though the board itself has attempted to delegate such authority to him.

4. GRAND JURY—*grand jury not called at a regular or special meeting is illegal.* A grand jury selected at a meeting of the board of supervisors called by the chairman on a date other than the one to which the previous meeting had adjourned, and which is neither a regular meeting nor one called at the request of at least one-third of the members, as required by statute, is illegal.

5. CRIMINAL LAW—*when legality of grand jury is questioned in apt time.* The legality of the grand jury is questioned in apt time where the defendant, before pleading, moves to quash the indictment upon the ground that the grand jury was not selected at any legal meeting of the county board, which motion is supported by affidavits as to the facts and setting out the record of the board.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.

W. K. WHITFIELD, and GEORGE A. SENTEL, for plaintiff in error.

W. H. STEAD, Attorney General, and A. W. LUX, State's Attorney, (JOEL C. FITCH, and JOHN E. JENNINGS, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error was tried and convicted in the circuit court of Moultrie county of an assault with intent to commit murder. The indictment upon which he was tried and convicted was found and returned into court by a grand jury selected by the board of supervisors of Moultrie county February 12, 1906. Before pleading, plaintiff in error entered a motion to quash the indictment, one of the grounds of said motion being, that there was no legal meeting of the board of supervisors at the time said grand jury was selected. This motion was supported by affidavit of the county clerk and of plaintiff in error, setting forth specifically the facts and the record of said board of supervisors relied upon in support of the motion. The records of said board of supervisors,—and about this there is no dispute,— show that the annual meeting of said board held in September, 1905, "adjourned to the 16th day of October, 1905, or on call of the chairman." No meeting was held on the 16th day of October but a meeting was held the 24th of that month, and the record of that meeting recites that it was held in pursuance of a communication from the chairman of the board to the county clerk, under date of October 10, notifying him of the call by the chairman of said board, of a special meeting to be held October 24, and directing the county clerk to notify all members of the board of the time and place of said special meeting. Said special meeting adjourned October 24 "until the 15th day of November, 1905, or to the call of the chairman." The board met on said 15th day of November, 1905, and on that day "adjourned to December 12, 1905, or to the call of the chairman." The board met on said date, December 12, and on the same day "adjourned until on Monday, the 15th day of January, A. D.

226—30

1906, or to the call of the chairman." No meeting was held January 15 but one was held on the 18th of the month. The record of that meeting recited that it was held pursuant to a notice given the county clerk by the chairman calling a meeting for January 18 and directing the clerk to notify all the members of said board. That meeting was "adjourned to call of the chairman or until Wednesday, the 14th day of February, 1906." No meeting of said board was held February 14. The record shows the board met on the 12th of February and was in session that day and the day following, when it "adjourned to the call of the chairman or to the 15th day of March, A. D. 1906." The record of said meeting beginning February 12 and continuing to the 13th recites it was held in pursuance of a notice or communication by the chairman of the board to the county clerk; that in pursuance of the adjourning order of the meeting of January 18 he had called a special meeting of said board to convene February 12, 1906, and directed said clerk to notify all members of the board of the time and place of said meeting. The notice or communication from the chairman to the county clerk was dated January 29, and stated that one of the objects of the meeting was to select a grand jury for the March term, 1906, of the Moultrie county circuit court. It was at this meeting, and on the 12th day of February, that the grand jury was selected which found and returned into court the indictment upon which plaintiff in error was tried.

By section 49 of chapter 34 (Hurd's Stat. 1905, p. 567,) the annual meeting of the board of supervisors is required to be held on the second Tuesday of September. This record shows such annual meeting of the board of supervisors of Moultrie county was held at the time required by law. Counsel for defendant in error contend that as neither the record of that meeting nor of any of the subsequent alleged special meetings shows a *sine die* adjournment, all meetings held subsequently to the annual September meeting are to

be regarded as a continuation of the September session. It is not claimed any special meeting was legally called. If the record showed that on the adjournment at the September meeting, and each of the subsequent meetings, the adjournment was to a day fixed, and that on said day fixed the board met, and when it adjourned it adjourned to another day fixed, at which time it met again, and so on, this might amount to a continuation of the September session. But this record shows, as we have above set out, that all of the adjournments were to a date named "or at the call of the chairman." Why no meeting was held October 16 but was held October 24 instead does not appear from the record. The same is also true of the meeting of January 18 instead of the 15th, and the meeting of February 12 instead of the 14th. The board of supervisors, at its September meeting, fixed October 16 as the date when it would meet again, and adjourned to that date. The chairman of the board had no power to change the date the board had fixed to meet again. He doubtless assumed that because the order of adjournment was to the 16th day of October "or on call of the chairman," he had the power and authority to change the date the board had fixed by informing the county clerk of the date he had elected to name and causing him to notify the members of the board of the date of the meeting selected by the chairman. His communication to the clerk of the change of the date is as follows: "I, B. W. Patterson, chairman of the board of supervisors of Moultrie county, Ill., do hereby call a special meeting of said board of supervisors to meet at supervisor's room in the Chapman building, in the city of Sullivan, Ill., on the 24th day of October, A. D. 1905, at one o'clock P. M. of said day. * * * You will therefore notify all members of said board of the time and place of such meeting and govern yourself accordingly. This call is made in pursuance of the adjourning order of the board." He nowhere refers to the date the board itself adjourned to meet upon, nor is there any inti-

mation in the writing that the meeting of October 24 is a continuation of the September meeting, but it is expressly said that it is to be a "special meeting." If the board of supervisors had power to keep its September meeting alive by adjourning to meet again October 16, when it failed to meet on that date its September session was as effectually ended as if it had adjourned in September *sine die,* and there was no power in either the board or its chairman to prolong the life of the September session by calling a special meeting for October 24, even if said special meeting had been properly called. If it was the purpose of the board, when it adjourned in September to October 16, to confer power upon the chairman of the board to change or alter that date, it was attempting to do something it had no power to do. It was, in effect, an attempt to authorize the chairman, if for any reason he did not wish the board to meet on the day named in the order of adjournment, to call a special meeting on some other date by notifying the county clerk of the date selected by him and causing the clerk to notify the members of the board thereof. On January 11, 1906, the chairman of the board gave or sent to the county clerk the following: "You are hereby notified that I hereby call a meeting of the board of supervisors of Moultrie county, Ill., to meet in Sullivan, Jan. 18, 1906, at the hour of twelve o'clock, noon, *instead of January 15, 1906.* You will please notify the members of the board accordingly.—Filed, Jan. 11, 1906.—Louis K. Scott, county clerk." The board had held a meeting December 12, as we have above shown, and adjourned to meet again January 15. It will be seen the chairman assumed, by his notice to the county clerk, to change the meeting to the 18th. The meeting held on that date, as we have said, adjourned to meet on February 14, but instead of meeting on said date the chairman of the board addressed a communication to the county clerk under date of January 29, that in pursuance of the adjourning order of the meeting of the board of supervisors held Janu-·

ary 18 he called a meeting to be held February 12, for the purpose, among other things, of selecting a grand jury for the March term of the circuit court.

What we have said with reference to the change, or attempt to change, the date of the meeting from October 16 to October 24 is equally applicable to the January and February meetings.

Section 9 of chapter 78 (Hurd's Stat. 1905, p. 1264,) makes it the duty of the county board to select twenty-three persons possessing the qualifications provided by law, twenty days before the setting of the term of court, to act as grand jurors. Section 49 of chapter 34 (Hurd's Stat. 1905, p. 567,) requires the annual meeting of the board to be held on the second Tuesday of September in each year and a regular meeting of said board to be held on the second Monday of June each year. These are the only meetings fixed by the statute, but the time for holding other meetings may be fixed and determined by the board of supervisors. This record shows the February meeting, at which the grand jury was selected, was not a regular meeting provided for by statute or by a rule or resolution of said board. Section 50 of chapter 34 authorizes special meetings of the board of supervisors to be held "only when requested by at least one-third of the members of the board, which request shall be in writing, addressed to the clerk of the board, and specifying the time and place of such meeting, upon reception of which the clerk shall immediately transmit notice, in writing, of such meeting, to each of the members of the board. The clerk shall also cause notice of such meeting to be published in some newspaper printed in the county, if any there be." No attempt was made to comply with this section of the statute in calling the meeting held February 12 and 13, nor is it claimed by counsel for defendant in error that said meeting was a special meeting, their contention being, as we have before stated, that it was a continuation of the September session. Our conclusion is, that this contention

is not sustained either by facts or law. It follows, therefore, that the grand jury which returned the indictment into court against plaintiff in error was not selected at either a regular or special meeting of the board of supervisors. As these are the only kinds of meetings that could be held by said board, it follows said grand jury was not selected at any meeting of said board.

We do not think the members of said board could, by getting together at a time not fixed for a regular or special meeting, lawfully select a grand jury. There is a difference between members of the board and the board. It is only a board of supervisors when convened in session, either regular or special, and we do not think the meeting of the members of the board of supervisors of Moultrie county, under the circumstances this record shows they met, at the time the grand jury was selected, was a meeting of the board. The notice from the chairman of the board to the county clerk, and from the county clerk to the members of the board, to meet February 12, could have no effect to give validity to the meeting, nor make it any more of a legal meeting than it would have been if the members of the board, by mere accident and without any previous notice, had met together on that day. The record of the meeting of February 12 does not show that all, or a majority, of the members of the board were present. It recites that nine members were present, naming them. How many members the board of supervisors of Moultrie county was composed of is not shown by the record. It appears from such record that nine members were present at the meetings of October, December and January and eight at the November meeting, but nowhere is the number of members composing the board shown. County boards can exercise only such powers as are expressly given by law, or such as arise by necessary implication from the powers granted, or are indispensable to carry into effect the object and purpose of their creation. (*County of Cook* v. *Gilbert*, 146 Ill. 268.) To authorize a

special meeting of the board of supervisors the statute requires that it shall be requested by at least one-third of the members of the board and notice thereof published by the clerk in some newspaper printed in the county. (*Gott* v. *People,* 187 Ill. 249.) These requirements cannot be dispensed with by an attempt to delegate authority to the chairman of the board to call meetings at such times as he may choose. The member selected chairman of the board is merely its presiding officer and otherwise has no superior powers to any other member of the board. (*Bouton* v. *Mc-Donough County,* 84 Ill. 384; *Scates* v. *King,* 110 id. 456.) In *Bouton* v. *McDonough County, supra,* the court said (p. 395) : "The supervisors have no power to act individually. It is only when convened and acting together as a board of supervisors that they represent and bind the county by their acts." In *McHaney* v. *County of Marion,* 77 Ill. 488, it was said the members of the county court (county commissioners) can only bind their county in matters of claims when acting as a court. In *Foley* v. *People,* Breese, 31, plaintiff in error had been convicted of larceny under an indictment found against him at a special term of the Madison county circuit court. At that time the statute authorized a special term to be convened whenever any person was in the custody of the sheriff of any county charged with a capital offense or any other offense which by law was not bailable. The special term appears to have been convened on account of plaintiff in error being in custody of the sheriff upon the charge of larceny and unable to give bail. The court held that no special term was authorized to be held under such circumstances; that such term could only be convened when the offense with which the person in custody was charged was not bailable by law, and had no application to a case where the offense was bailable by law but the party charged was unable to give bail, and it was held the special term at which plaintiff in error was indicted "had no legal existence and consequently was no court."

We have not been greatly aided by briefs of counsel on either side in the discussion of this question, but have given it as much investigation as time and circumstances would admit of. The authorities we have examined are not all in harmony. Cases are to be found in other States holding that a grand jury selected in a different method from that provided by law was a legal grand jury, while as many cases may be found holding that a grand jury not selected in accordance with the statute was not a legal grand jury. We believe the latter to be sounder in principle than the former line of authorities, and that they are more in consonance with fundamental principles established by the decisions of our own State. It would be the adoption of a dangerous policy, and one liable to be productive of much evil, to lay down the rule that public officers may disregard the plain provisions of the statute directing them as to the manner of discharging their official duties, and hold that their acts performed in disregard of the statutory requirements would be as valid as if those requirements had been observed.

The authorities hold that if the legality of the grand jury is challenged it must be done before pleading to the indictment, by motion to quash or challenge to the array. (*Berkenfield* v. *People,* 191 Ill. 272, and cases there cited.) After plea entered and a trial is had resulting in a verdict of guilty it is too late to raise the question on motion for a new trial. Here the motion was made in apt time but was overruled by the court and exceptions duly preserved. For the reasons given we are of opinion the court erred in overruling the motion. As this necessarily results in a reversal of the judgment it is unnecessary to discuss the numerous other errors assigned.

The judgment of the circuit court is therefore reversed and the cause remanded, with directions to that court to sustain the motion to quash the indictment.

*Reversed and remanded, with directions.*