THE PEOPLE *ex rel.* City of Chicago

*v.*

ERNST HUMMEL, City Treasurer.

*Opinion filed April 17, 1905.*

1. STATUTES—*repeal by implication is not favored.* A repeal of an enactment by reason of alleged repugnancy to a later act is not favored, and only results if the two acts are wholly irreconcilable.

2. MUNICIPAL CORPORATIONS—*adoption of general law does not affect consistent provisions of special charter.* Adoption by a municipal corporation of the provisions of the general Incorporation act does not affect the provisions of its former special charter not inconsistent with or repugnant to the provisions of the general law.

3. SAME—*special charter provisions concerning Chicago water fund are in force.* Sections 13 and 32 of the act of 1863, revising the special charter of the city of Chicago and requiring the city treasurer to keep money received from water-loan bonds and water rents in a separate fund and prohibiting its use for any other purpose than that for which it was received, were not abrogated by the city's adoption of the general Incorporation act of 1872, but are in full force and effect.

ORIGINAL petition for *mandamus.*

EDGAR BRONSON TOLMAN, Corporation Counsel, (WILLIAM D. BARGE, of counsel,) for petitioner.

JOHN C. RICHBERG, (RICHBERG & RICHBERG, of counsel,) for respondent.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Sections 13 and 32 of the act adopted by the General Assembly on February 13, 1863, entitled "An act to reduce the charter of the city of Chicago and the several acts amendatory thereof into one act, and to revise the same," are as follows:

"Sec. 13. All funds derived from the sale of said water loan bonds, or from water rents, or otherwise, for the water works of the city, shall be exclusively used and appropriated by said board to the objects and purposes pertaining to the water supply of said city herein specified; nor shall the same, or any part thereof, be used by said board or by said city for any other purpose.

"Sec. 32. All accounts pertaining to the water-works of said city shall be kept separate and distinct from the accounts pertaining to other departments of said board, and all moneys deposited with the city treasurer on account of the water-works shall be by him kept separate and distinct from all other moneys as the water fund, and shall only be applied for the use and purposes for which the same were received; and such moneys shall be held by the treasurer of the city as a special fund, separate and distinct from all other funds, and he shall be deemed guilty of embezzlement if he shall pay out such moneys for any account other than that belonging to such water fund, and shall be liable to indictment for so doing."

On the 21st day of November, 1904, the city council of the city of Chicago adopted an ordinance which, after reciting that there was then in the custody of the respondent, the city treasurer of the city, a fund of more than $650,000 which had been derived from water rents and other earnings of the water-works of the said city, and that said amount in said fund, called in said ordinance the "water fund," was

exclusive of all current and existing liabilities against said fund, ordered that the respondent, as city treasurer of said city, should transfer the said sum of $650,000 from said water fund to the corporate fund of the city. If so transferred the said fund would be applicable to the payment of warrants drawn for objects and purposes not pertaining to the water supply of said city, but to other corporate purposes and objects entirely distinct therefrom. In pursuance of this ordinance a warrant was drawn and signed by the mayor and comptroller of the city directing the respondent, as treasurer of the said city, to transfer from the water fund of the city to the corporate fund of the city the said sum of $650,-000, constituting, in part, the water fund of the city. The respondent refused to obey the command of the warrant, and this an original petition was filed in this court praying for a writ of *mandamus* to issue, commanding and requiring the said city treasurer to "transfer from the said water fund of said city to the said corporate fund of said city the said sum of $650,000." The respondent demurred to the petition, and the cause was submitted for decision upon the petition and the demurrer thereto.

The ordinance is in direct violation of the provisions of said sections 13 and 32 of the consolidated charter of the city of Chicago, approved February 13, 1863, hereinbefore set forth, and is therefore invalid, as was also the warrant drawn upon the treasurer in pursuance of the ordinance, unless said sections 13 and 32 have been repealed or superseded by subsequent legislation.

On April 10, 1872, the General Assembly adopted the general act providing for the incorporation of cities and villages throughout the State. (Rev. Stat. 1874, p. 211.) On the 23d day of April, 1875, the city of Chicago incorporated under the provisions of the general Incorporation act. Section 6 of article 1 of the said general Incorporation act of 1872 (Rev. Stat. 1874, p. 212,) provides, that from the time of the change of the organization of any town or city from

its original organization to its organization under the general act the provisions of the general act shall be applicable to such cities and villages, and that all laws in conflict therewith shall no longer be applicable. Said section 6, however, further expressly provides as follows: "But all laws or parts of laws, not inconsistent with the provisions of this act, shall continue in force and applicable to any such city or village, the same as if such change of organization had not taken place." Sections 13 and 32 of the charter of 1863 remained thereafter in full force and validity unless repealed or superseded by inconsistent and repugnant provisions to be found in the general Incorporation act of 1872, as we have frequently held. *Covington* v. *City of East St. Louis,* 78 Ill. 548; *Board of Water Commissioners* v. *People,* 137 id. 660; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Randle,* 183 id. 364.

The City and Village act of 1872 contains no express limitation upon the use of money derived from the water-works of the city, but we are unable to find any provision in the latter enactment inconsistent with the limitations placed upon the use and disposition of that fund by the express provisions of said sections 13 and 32 of the charter of 1863. The charter of 1863 created a board of public works of the city, and invested that board with the charge and superintendence of the water-works of the city, and with power to assess water rates and make regulations, etc. The general act of 1872 places the water-works in the charge and superintendence of the city council, and gives to the council the power to fix water rates and make regulations, etc. Under the former charter the board of public works possessed certain powers with reference to procuring loans of money to be used for the water-works, which powers are vested by the later general enactment in the city council. But these differences in the two enactments have no relation to the duty of the treasurer of the city in the care and custody of the funds arising from the operation of the water-works.

The provision of the general act of 1872 investing the city council with power to control "the finances and property of the corporation" does not, by any rule of construction of which we are advised, contravene those provisions of sections 13 and 32 of the charter of 1863 forbidding the use or appropriation of the water fund to objects and purposes other than those for which the same was collected by the city from the consumers of water. The general power of control of the finances and property of the municipality must be vested in some body or official, and the power thus given is not unrestrained authority to control the property or revenue according to the personal inclination of the authorities, or even according to their personal judgment, but to apply, control and dispose of the municipal finances and property in accordance with law. The power given is merely authority to legally administer the finances and property of the city.

The charter of 1863 required the treasurer to keep the accounts pertaining to the water-works, and all moneys deposited with the city treasurer on account of the water-works, in a separate and distinct fund. It is pointed out that the general City and Village act contains no such requirement, but only directs that the city treasurer shall keep the moneys of the city separate and distinct from his own moneys and that moneys arising from special assessments shall be kept in a separate fund, and it is argued that this omission and these different requirements are inconsistent with the acts of 1863, and that the latter supersedes the requirements of the former, and removes the requirement that the water fund shall be kept separate and distinct and shall be appropriated only to the objects and purposes pertaining to the water supply of the city. These requirements of the later enactment are rather additional general requirements or duties imposed upon the treasurer than the removal of any former duty or requirement. A repeal of an enactment because of a repugnancy in a later statute is not favored, and only results when the two statutes are wholly irreconcilable,

and the later act will not operate as a repeal if by any reasonable construction the two enactments may be harmonized. (26 Am. & Eng. Ency. of Law,—2d ed.—723-726.) Manifestly, the provisions of each 'of the statutes just referred to may exist without conflict.

Section 20 of article 7 of the City and Village act provides that the collector and treasurer, and all other officers connected with the receipt and expenditure of money, shall perform such other duties and be subject to such other rules and regulations as the city council or board of trustees may from time to time, by ordinance, provide and establish. The city council has, however, power to make only such rules and regulations as may lawfully be established by it, and section 20 has no virtue to invest the city council with power to establish rules and regulations prohibited to be established by law, and the adoption of the ordinance requiring the city treasurer to transfer from the water fund to the corporate fund the said sum of $650,000 cannot be held to be valid because of the before mentioned provisions of section 20.

*Board of Water Commissioners* v. *People, supra,* does not, as counsel for the city urge, constitute authority for the view that the City and Village act of 1872 is so inconsistent with sections 13 and 32 of the charter of 1863 as that only the latter can stand. That was an information in the nature of a *quo warranto,* calling upon three certain named persons who claimed to compose the board of water commissioners of the city of Springfield, to show the authority, if any existed, for exercising the privileges and franchises of a board of water commissioners of that city. The respondents sought to justify under an act of the legislature entitled "An act to incorporate the Springfield Water-works Company," approved February 21, 1861. They contended that said act was not an amendment to or a part of the charter of the city of Springfield, but was an independent enactment, creating the respondents a body politic and corporate by the name of "The Board of Water Commissioners of the city of Spring-

field," and invested the board with permanent and continuing powers wholly disconnected from the city of Springfield, and that the subsequent organization of the city of Springfield under the general City and Village act did not have the effect to repeal the act creating the said board or to render the provisions of the said act no longer applicable. When the whole scope and intent of the act were reviewed by the court it was found that the act was but an amendment to the then charter of the city of Springfield and the board but a department of the municipal government of that city, and that the City and Village act, under which the city of Springfield afterwards became organized, transferred the powers possessed by the board of water commissioners to and vested such power in the city council of the city of Springfield, and that the powers thus possessed by the city council could not be exercised at the same time by the board without conflict, and it was held that the provisions of the act of 1861 creating the board of water commissioners were superseded by the provisions of the general City and Village act, and that the respondents no longer possessed power and authority to discharge duties as a board of water commissioners. In that case a repugnancy or inconsistency between the former and latter enactments was found to exist, and judgment passed accordingly. In the case at bar the repugnancy or inconsistency does not exist, and the holding in this case and in that are upon entirely harmonious principles.

The ordinance directing the transfer of the money from the water fund to the corporate fund was not a valid exercise of the legislative discretion of the city council of the city of Chicago, and the respondent properly refused to obey the command of the warrant issued for the purpose of carrying the ordinance into effect. The writ is therefore denied.

*Writ denied.*